**Phillip David BRIGGS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00894–CR.**

Court of Appeals of Texas, Dallas.

May 13, 1986.

Rehearing Denied June 4, 1986.

J. Blake Withrow, Dallas, for appellant.

Ruth E. Plagenhoef, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

Appellant appeals his conviction for possession of a chemical dispensing device, contending that the statute under which he was convicted is unconstitutionally vague. We agree and, accordingly, reverse and remand for dismissal of the indictment.

TEX.PENAL CODE ANN. § 46.06 (Vernon Supp.1986) reads in part:

(a) A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

\* \* \* \* \* \*

(7) a chemical dispensing device.

A chemical dispensing device is defined as follows:

"Chemical dispensing device" means a device, other than a small chemical dispenser sold commercially for personal protection, that is designed, made, or adapted for the purpose of causing an adverse psychological or physiological effect on a human being.

TEX.PENAL CODE ANN. § 46.01(12) (Vernon Supp.1986).

When read without the exception, "other than a small chemical dispenser sold commercially for personal protection," the statute prohibits possession of "a device ... that is designed, made, or adapted for the purpose of causing an adverse psychological or physiological effect on a human being." The scope of this prohibition is almost limitless. It could apply to a handgun, a knife, or even a gruesome mask or voodoo doll. Furthermore, even if the prohibition can be construed to apply to only chemical dispensers, there is no indication what chemicals are proscribed. It is impossible to determine whether this statute prohibits possession of a device only when it contains mace or tear gas, or whether the prohibition extends to devices containing substances such as insecticide, hairspray, and nitrous oxide.

The statute clearly excepts small chemical dispensers from its prohibition. It fails, however, to give guidance as to what is "small." It is impossible to determine from the exception what may legally be possessed. Apparently, one may legally possess tear gas but not too much of it. The legislature has failed to give any guidance as to how much is too much.

A statute that forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Passmore v. State*, 544 S.W.2d 399, 401 (Tex. Crim.App.1976); *Baker · v. State*, 478 S.W.2d 445, 449 (Tex.Crim.App.1972); *Ex parte Chernosky*, 153 Tex.Crim.R. 52, 217 S.W.2d 673, 674 (1949).

A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954), or if it "encourages arbitrary and erratic arrests and convictions." *Papachristou*, 405 U.S. at 162, 92 S.Ct. at 843; *Thornhill v. Alabama*, 310 U.S. 88, 97, 60

S.Ct. 736, 741, 84 L.Ed. 1093 (1940); *Herndon v. Lowry*, 301 U.S. 242, 263, 57 S.Ct. 732, 741, 81 L.Ed. 1066 (1937). Either is an independent ground for holding a statute unconstitutional. *See Adley v. State*, No. 0786–84 (Tex.Crim.App., Nov. 6, 1985) (not yet reported); *Cotton v. State*, 686 S.W.2d 140 (Tex.Crim.App.1985); *Goocher v. State*, 633 S.W.2d 860 (Tex.Crim.App.1982); *Bates v. State*, 587 S.W.2d 121 (Tex.Crim. App.1979); *McMorris v. State*, 516 S.W.2d 927 (Tex.Crim.App.1974).

■ Our inability to define precisely the scope of this prohibition demonstrates that section 46.06(a)(7) is unconstitutionally vague. A criminal statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Here, we find no objective standard from which one may gauge his conduct. Further, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." *Id.* It is not sufficient to leave enforcement to the sound discretion of the police, trusting them to invoke the law only in appropriate cases. *Cotton*, 686 S.W.2d at 143. A criminal statute must be precisely drawn so that it eliminates the risk of capricious application rather than fosters it as the present statute does. *Cf. Cotton*, 686 S.W.2d at 143.

We hold that section 46.06(a)(7) is unconstitutionally vague and unenforceable as a penal sanction. Accordingly, the trial court's judgment is reversed, and the cause is remanded to the trial court for dismissal of the indictment.