Phillip David BRIGGS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05-85-00894-CR.

Court of Appeals of Texas,
Dallas.

Feb. 19, 1988.

Blake Withrow, Dallas, for appellant.

Ruth E. Plagenhoef, Dallas, for appellee.

Before WHITHAM, McCLUNG, and KINKEADE, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

McCLUNG, Justice.

This case is on remand from the Court of Criminal Appeals. On original submission we held section 46.06(a)(7)[1] of the penal code unconstitutionally vague. *Briggs v. State*, 714 S.W.2d 36 (Tex.App.—Dallas 1986), *rev'd* 740 S.W.2d 803 (Tex.Crim.App. 1987). Because of our disposition of the case we did not need to address appellant's remaining points of error. The Court of

---

1. V.T.C.A., Penal Code, § 46.06 (Prohibited Weapons), provides in part:

(a) A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

\*    \*    \*    \*    \*    \*

(7) a chemical dispensing device.

(Acts 1983, 68th Leg., p. 4831, ch. 852, § 2.)

Criminal Appeals held that in holding the statute unconstitutionally vague we applied an incorrect test and remanded the case back to us. We now affirm the judgment of the trial court.

Appellant was convicted of the felony offense of unlawful possession of a prohibited weapon, namely a chemical dispensing device. V.T.C.A., Penal Code, § 46.06(a)(7). After finding appellant guilty, the trial court assessed punishment at two (2) years' imprisonment. The imposition of sentence was suspended and the appellant was placed on probation for two (2) years.

The facts show that on November 10, 1984, about 8:30 p.m. appellant approached Terry Dean and six or seven female friends standing at the bar at a TGI Friday Restaurant in Dallas. Appellant invited them to a party at his apartment. Dean testified that appellant became obnoxious and was asked to leave. Later, while the group was sitting at a table, appellant returned and placed two cans wrapped in toilet paper on the table. Appellant told Dean she could open the can on the left but not to pull the pin on the one on the right. Upon his departure Dean discovered one can was a beer can, and the other canister looked to her like it "was a hand grenade or something." The "grenade" was delivered to the bartender who took it outside, and the restaurant was evacuated.

Don Richie, a bomb technician with the Dallas Police Department, testified the can with the pin was a chemical dispensing device. Richie further testified it was a CS gas grenade that uses a chemical that produces a burning sensation that can cause an adverse physiological and psychological effect on a person. This device is used as a riot control device and manufactured for the United States Armed Forces. Defense evidence showed that certain types of "CS" tear gas devices were available for commercial sale at a local hardware store.

V.T.C.A., Penal Code § 46.01 (Chapter Definitions), provides in part:

In this chapter

\* \* \* \* \* \*

(12) "chemical dispensing device" means a device, other than a small chemical dispenser sold commercially for personal protection, that is designed, made, or adapted for the purpose of causing an adverse psychological or physiological effect on a human being.

■ Appellant argues that the evidence is insufficient to support his conviction because the State never disproved what he possessed was not a "small chemical dispenser sold commercially for personal protection." In evaluating the sufficiency of the evidence for a criminal conviction, the standard is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

The record reflects that what appellant possessed was a tear gas grenade he acquired while in the National Guard. It was manufactured for the United States Armed Forces for use as a *riot control device.* This grenade could only be activated by pulling a pin and the user of the device has no control over the direction of the tear gas spray. Once detonated, the grenade dispenses the spray over a wide area.

The evidence clearly shows that the particular type of chemical dispensing device appellant possessed was not sold commercially for personal protection. The evidence also shows that appellant possessed a chemical dispensing device made for the purpose of causing an adverse psychological or physiological effect on a human being. Therefore, the evidence is sufficient to support the conviction.

■ Appellant next complains that the indictment is void because the State failed to plead in the indictment that what appellant possessed was a chemical dispensing device "other than a small chemical dispenser sold commercially for personal protection." Appellant specifically asserts that the language of the definition of a "chemical dispensing device" acts as an exception to the offense which the State must plead and disprove. We disagree. V.T.C.A. Penal Code Sec. 2.02 only requires

the charging instrument to negate the existence of exceptions *so labeled in the code.* The State need not negate implied exceptions. *Ex Parte Davis,* 542 S.W.2d 192, 197 (Tex.Crim.App.1976).

Appellant's last assertion is that V.T.C.A. Penal Code Sec. 46.06(a)(7) is unconstitutionally vague. While it is clear from the reading of the statute that it is, in fact, unconstitutionally vague, appellant has no standing to complain about the law when his own conduct is "clearly within the core of proscribed conduct." *Umphlet v. Connick,* 815 F.2d 1061, 1066 (5th Cir. 1987). The United States Supreme Court has held that "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974).

Because appellant's conduct clearly falls within the core of proscribed conduct under the statute, appellant has no standing to raise the vagueness of the statute.

The judgment is affirmed.