Phillip David **BRIGGS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 788–86.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1987.

J. Blake Withrow, Dallas, for appellant.

Henry Wade, Dist. Atty. and Constance M. Maher, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of the felony offense of unlawful possession of a prohibited weapon, namely a chemical dispensing device. V.T.C.A., Penal Code, § 46.06(a)(7). After finding appellant guilty, the trial court assessed punishment at two (2) years' imprisonment. The imposition of sentence was suspended and the appellant was placed on probation for two (2) years.

On appeal the Court of Appeals, responding only to appellant's first point of error,[1] reversed the judgment and ordered the cause remanded to the trial court for dismissal of the indictment, holding said § 46.06(a)(7), was unconstitutional. *Briggs v. State,* 714 S.W.2d 36 (Tex.App.—Dallas 1986). We granted the State's petition for discretionary review to determine the correctness of the Court of Appeals' decision impacting the constitutionality of a state statute, a question of first impression. See Tex.R.App.P., Rule 200(c)(2).

V.T.C.A., Penal Code, § 46.06 (Prohibited Weapons), provides in part:

"(a) A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

\*　　\*　　\*　　\*　　\*　　\*

"(7) a chemical dispensing device."

(Acts 1983, 68th Leg., p. 4831, ch. 852, § 2.)

V.T.C.A., Penal Code, § 46.01 (Chapter Definitions), provides in part:

"In this chapter

·　\*　　\*　　\*　　\*　　\*　　\*

"(12) 'Chemical dispensing device' means a device, *other than a small chemical dispenser sold commercially for personal protection,* that is designed, made, or adapted for the purpose of causing an adverse psychological or physiological effect on a human being." (Emphasis added.)

(Acts 1983, 68th Leg., p. 4830, ch. 852, § 1.)

The indictment in pertinent part alleged that appellant on or about November 10, 1984 "did then and there unlawfully then and there knowingly and intentionally possess a prohibited weapon, to wit: a chemical dispensing device, namely, a tear gas grenade,...."

After setting forth the foregoing statutes the Court of Appeals wrote:

"When read without *the exception,*[2] 'other than a small chemical dispenser sold commercially for personal protection,' the statute [§ 46.01 (12)] prohibits possession of 'a device ... that is designed, made, or adapted for the purpose

---

1. The first point of error claimed the judgment was void because "the conviction is based on a statute which is unconstitutionally vague." In his second and third points of error appellant claimed the court erred in overruling his motion to quash the indictment was based on an unconstitutional statute, and erred in overruling his motion to set aside the indictment because of its failure to plead and negate an "exception" to the offense. See V.T.C.A., Penal Code, § 46.01(12). Lastly, appellant challenged the sufficiency of the evidence to support a finding of guilt.

2. Cf. V.T.C.A., Penal Code, § 2.02(a) and (b), which provide:

"(a) An exception to an offense in this code is so labeled by the phrase: 'It is an exception to the application of ...'

"(b) The prosecuting attorney must negate the existence of our exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception."

of causing an adverse psychological or physiological effect on a human being.' The scope of this prohibition is almost limitless. It could apply to a handgun, a knife, or even a gruesome mask or voodoo doll. Furthermore, even if the prohibition can be construed to apply to only chemical dispensers, there is no indication what chemicals are proscribed. It is impossible to determine whether this statute prohibits possession of a device only when it contains mace or tear gas, or whether the prohibition extends to devices containing substances such as insecticide, hairspray, and nitrous oxide.

"The statute [§ 46.01(12)] clearly *excepts* small chemical dispensers from its prohibition. It fails, however, to give guidance as to what is 'small.' It is impossible to determine from the *exception* what may legally be possessed. Apparently, one may legally possess tear gas but not too much of it. The legislature has failed to give any guidance as to how much is too much." Emphasis supplied.)

Citing cases that due process is violated when a statute forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differs as to its application, etc., the Court of Appeals, after only discussing § 46.01(12), wrote:

"Our inability to define precisely the scope of this prohibition demonstrates that section 46.06(a)(7) is unconstitutionally vague. A criminal statute must 'give the person of ordinary intelligence

a reasonable opportunity to know what is prohibited, so that he may act according-ly.' *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Here, we find no objective standard from which one may gauge his conduct. Further, 'if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.' *Id*. It is not sufficient to leave enforcement to the sound discretion of the police, trusting them to invoke the law only in appropriate cases. *Cotton*, [*v. State*], 686 S.W.2d at 143 [1985]. A criminal statute must be precisely drawn so that it eliminates the risk of capricious application rather than fosters it as the present statute does. *Cf. Cotton*, 686 S.W.2d at 143.

"We hold that section 46.06(a)(7) is unconstitutionally vague and unenforceable as a penal sanction. Accordingly, the trial court's judgment is reversed, and the cause is remanded to the trial court for dismissal of the indictment."

In its petition for discretionary review the State argues that the Court of Appeals erred in holding a penal statute "unconstitutionally vague" on its face with respect to hypothetical applications without applying the statute to the appellant's conduct. The State contends the Court of Appeals used the wrong analysis or standard in finding the statute vague with respect to certain conceivable applications noting that the court did not even address the facts of the instant case.[3]

**3.** Briefly, the facts show that on November 10, 1984, about 8:30 p.m. appellant approached Terri Dean and six or seven female friends standing at the bar at the TGI Friday Restaurant in Dallas. They were waiting for a table. Appellant invited them to a party at his apartment. Dean testified that appellant became obnoxious and was asked to leave. Later, while the group was seated at a table, appellant returned and placed two cans wrapped in toilet paper on the table. He told Dean she could open the can on the left but not to pull the pin on the one on the right. Upon his departure Dean discovered one can was a beer can, and the other had a pin in it and she knew it was "a hand grenade or something." The cans were delivered to the bartender who took them outside, and the restaurant was evacuated.

Don Richie, a bomb technician with the Dallas Police Department, testified the can with the pin was a chemical dispensing device, a CS gas grenade using a chemical that can cause an adverse physiological and psychological effect on a person, produces a burning sensation; that it is basically used as a riot control device, and manufactured for military purposes.

Defense evidence showed that "CS" tear gas devices were available for commercial sale at a local hardware store.

At the penalty stage appellant testified the device was a souvenir from his service in the National Guard; that he knew his conduct was wrong, that he knew the effects of the tear gas grenade, and that if it had gone off people could have been injured, etc. He stated, however, that he told Dean not to pull the pin.

In *Village of Hoffman Estates, et al. v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), the United States Supreme Court wrote:

"In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

"The Court of Appeals in this case did not explicitly consider whether the ordinance reaches constitutionally protected conduct and is overbroad, nor whether the ordinance is vague in all of its applications. Instead, the court determined that the ordinance is void for vagueness because it is unclear in *some* of its applications to the conduct of Flipside and of other hypothetical parties. Under a proper analysis, however, the ordinance is not facially invalid." 102 S.Ct. at 1191, 1192. See also *United States v. Westbrook*, 817 F.2d 529, 532 (9th Cir.1987).

In *Clark v. State*, 665 S.W.2d 476, 483 (Tex.Cr.App.1984), this Court held that in a vagueness challenge, where no First Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct citing *Hoffman Estates*, supra, and *United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975).[4]

And in *McDonald v. State*, 693 S.W.2d 660, 661 (Tex.App.—Dallas 1985), the Court held that a vagueness challenge to an enactment will be upheld only if it is impermissibly vague in *all of its applications*, citing *Clark*. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974);[5] *Carrasco v. State*, 712 S.W.2d 623 (Tex.App.—Corpus Christi 1986); *McDonald*, supra, at 661.

*Parent v. State*, 621 S.W.2d 796 (Tex.Cr. App.1981), held that, when challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional as to others is not sufficient. "An enactment is not vague merely because it is imprecise. *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971); *Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983). A statute is unconstitutionally void for vagueness only when no standard of conduct is obtained at all; when no core of prohibited activity is defined. Id." *Margaret S. v. Edwards*, 794 F.2d 994, 1000 (5th Cir.1986) (Concurring Opinion).

It seems clear then the Dallas Court of Appeals in the instant case did not use the proper analysis or standard in passing on the constitutionality of the statutes involved. An abatement of the cause will be ordered.

In passing we would call attention of the Court of Appeals to the fact that the constitutionality of a statute is not to be determined in any case unless such a determina-

---

**4.** "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975).

**5.** In *Umphlet v. Connick*, 815 F.2d 1061, 1066 (5th Cir.1987), it was held that plaintiffs have no standing to complain about the law as applied to others when their own conduct is "clearly with the core of proscribed conduct," citing *Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983), and *Hoffman Estates*, supra.

tion is absolutely necessary to decide the case in which the issue is raised." *Skinner v. State,* 652 S.W.2d 773, 776 (Tex.Cr. App.1983); *Coberly v. State,* 644 S.W.2d 734, 735 (Tex.Cr.App.1983). See also *Smith v. State,* 658 S.W.2d 172 (Tex.Cr. App.1983); *Parent v. State,* supra; *Taylor v. State,* 172 Tex.Cr.R. 461, 358 S.W.2d 124 (1962); *Hypke v. State,* 720 S.W.2d 158 (Tex.Cr.App.1986).

The judgment of the Court of Appeals is vacated and the cause is remanded to that court for action not inconsistent with this opinion.