The STATE of Texas, Appellant,

v.

Melva Klenge MENDEL a/k/a Scooter and Angelo Lawrence Carollo, Appellees.

Nos. B14–92–01283–CR, C14–92–01284–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1994.

Alan Curry, Houston, for appellant.

Frank M. Sheppard, Jr., W.B. House, Jr., Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

These are appeals from the dismissal of two separate indictments alleging each appellee committed the offenses of keeping a gambling place and possessing a gambling device. TEX.PENAL CODE ANN. §§ 47.04, 47.06 (Vernon 1989). After a hearing, the trial court found that the statutes defining these offenses, as well as section 47.01(3), which defines "gambling device," are unconstitutionally vague, both as written and as applied to the devices possessed by appellees. The state now appeals the orders dismissing the indictments, raising a single point of error. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.1993); *State v. Eaves,* 800 S.W.2d 220, 224 (Tex.Crim.App.1990).

At the hearing on the motions to quash the indictments, the court heard testimony from Officer Templeton of the Houston Police Department about the Lucky 8 Liner video slot machines possessed by appellees. Appellees are the owners of the club in which the video slot machines were found. The machines will accept anything from a quarter to a one hundred dollar bill. Depending on the amount of money that is put in the machine, it gives the player a set number of credits. A player wagers the number of credits he chooses, pushes a button, and then an electronic display depicts lines of fruit and num-

bers, much like a traditional slot machine. After accumulating credits, employees of the club paid the player in cash at the rate of one dollar per four credits. The employee then touched a "knock-off switch," which would reset the credits at zero. Officer Templeton testified that this "knock-off switch," along with the "accounting memory" of the machine, the number of credits bet on each play, and the absence of any skill involved in its play, tended to establish the machine's character as a gambling device. At the conclusion of the hearing, the court granted appellees' motion to dismiss the indictments, and held the gambling statute is unconstitutionally vague.

 Whenever an attack on the constitutionality of a statute is presented for determination, we begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978). The individual challenging the statute bears the burden to establish its unconstitutionality. *Id.* We must uphold the statute if a reasonable construction can be ascertained,

which will render the statute constitutional, and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. 1979).

In a single point of error, the state claims the trial court erred in granting the appellees' motions to declare the statute unconstitutional and motions to quash.

The attack on the constitutionality of the gambling statutes in this case centers on the definition of "gambling device" in section 47.01 of the penal code. The challenges to section 47.04 and 47.06 are based on the definitions in section 47.01.[1]

 When challenging the constitutionality of a statute, a defendant must show that, in its operation, the statute is unconstitutional as applied to him in his situation; that it may be unconstitutional as to others is not sufficient. *Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989). In passing on a vagueness challenge where no first amendment rights are involved, the reviewing court should not consider hypothetical situations, but should scrutinize the statute only to determine whether it is impermissibly vague as

---

1. We note that sections 47.01(3) and 47.02 of the Texas Penal Code have recently been amended; however, the amendments have prospective effect only. *See* Act effective August 30, 1993, 73rd Leg., R.S., ch. 774, § 3, 1993 Tex.Sess.Law Serv. 3030 (Vernon). The statutes in effect at the time of the offenses in this case, along with the definitions provided in the penal code, are as follows:

§ 47.01. Definitions

(1) "Bet" means an agreement that, dependent on chance even though accompanied by some skill, one stands to win or lose something of value.

(2) "Gambling place" means any real estate, building, room, tent, vehicle, boat, or other property whatsoever, one of the uses of which is the making or settling of bets, the receiving, holding, recording, or forwarding of bets or offers to bet, or the conducting of a lottery or the playing of gambling devices.

(3) "Gambling device" means any contrivance that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.

Tex.Penal Code Ann. § 47.01(1), (2), & (3) (Vernon 1989).

§ 47.02. Gambling

(a) A person commits an offense if he:

(1) makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest; ... or

(3) plays and bets for money or other thing of value at any game played with cards, dice, or balls.

Tex.Penal Code Ann. § 47.02 (Vernon 1989).

§ 47.04. Keeping a Gambling Place

A person commits an offense if he knowingly uses or permits another to use as a gambling place any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by him or under his control, or rents or lets any such property with a view or expectation that it be so used.

Tex.Penal Code Ann. § 47.04(a) (Vernon 1989).

§ 47.06. Possession of Gambling Device or Equipment.

A person commits an offense if he knowingly owns, manufactures, transfers, or possess any gambling device that he knows is designed for gambling purposes or any equipment that he knows is designed as a subassembly or essential part of a gambling device.

Tex.Penal Code Ann. § 47.06 (Vernon 1989).

applied to the challenging party's specific conduct. *Id; Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

■ A reviewing court must make a two-part inquiry in the examination of a criminal statute for vagueness. The first inquiry is whether an ordinary, law-abiding person receives sufficient information from the statute that his conduct risks violating the criminal law. All penal laws must give notice to the populace about what activity is made criminal to provide fair notice to persons before making their activity criminal. *Bynum*, 767 S.W.2d at 773. A provision need not be mathematically precise; it need only give fair warning, in light of common understanding and practices. *Grayned v. City of Rockford*, 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972); *Gordon v. State*, 757 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). A statute is unconstitutionally vague when no core of prohibited activity is defined. *Briggs*, 740 S.W.2d at 806.

■ The second inquiry involves a determination of whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. *Bynum*, 767 S.W.2d at 773. A statute must be sufficiently definite to avoid the possibility of arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Gordon*, 757 S.W.2d at 497. Either of these inquiries forms an independent ground for a finding of vagueness. *Adley v. State*, 718 S.W.2d 682, 685 (Tex.Crim.App.1985).

■ A statute is not unconstitutionally vague merely because it fails to define words or terms used. *Engelking v. State*, 750 S.W.2d 213, 215 (Tex.Crim.App.1988). When words are not defined, they are ordinarily given their plain meaning, unless the statute clearly shows they were used in some other sense. *Daniels v. State*, 754 S.W.2d 214, 219 (Tex.Crim.App.1988). In the absence of special definitions, statutory language under attack as vague can be measured by common understanding and practices or construed in the sense generally understood. *Ely*, 582 S.W.2d at 419.

■ Appellees argue that one who plays a gambling device may not be charged with gambling under the statutory definition. While this may be true, it does not make the statutes in question unconstitutionally vague. Through the statute proscribing keeping a gambling place, and likewise possession of a gambling device, the legislature intended to punish more harshly the party responsible for promoting or facilitating gambling rather than the party engaging in gambling. *See State v. Taylor*, 805 S.W.2d 440, 442 (Tex. Crim.App.1991).

Application of the definition of "gambling device" depends on the physical characteristics of the particular object or device in question. *See* Op. Tex. Att'y Gen. Nos. JM–368 (1985), MW–168 (1980), H–1153 (1978), H–940 (1977). An essential element in the statutory definition is that the award of a thing of value by the device be "determined by chance, even though accompanied by some skill." Tex.Penal Code Ann. § 47.-01(3); Op.Tex.Att'y Gen. Nos. JM–368 (1985), MW–168 (1980), H–1153 (1978). The other essential element of a gambling device is that the operation of the device requires the payment of consideration. Op.Tex.Att'y Gen. No. MW–168 (1980). The legislature intended section 47.01(3) to reach devices such as slot machines and roulette wheels. Op.Tex.Att'y Gen. No. JM–368 (1985); *See* Searcy & Patterson, Practice Commentary, Tex.Penal Code Ann. § 47.01 (Vernon 1989).

■ As is the case with this video slot machine, when one uses a device to receive something of value for consideration paid, and the payout is based on chance rather than skill, a person of ordinary intelligence could understand that activity to be gambling. Because a player may win or lose money based on chance, and can choose the amount at risk on each play, a person of ordinary intelligence would consider that the player is making a "bet." The common us-

age of the term "bet" includes the element of "consideration." Practice Commentary, Tex.Penal Code Ann. § 47.01 (Vernon 1989). The video slot machine in this case is operated by inserting money. Money clearly falls within the well-accepted definition of "consideration."

In defining what is received as a result of the game, or the "payout," the penal code distinguishes those types of games that are for amusement rather than gambling, by including the following definition: "Thing of value means any benefit, but does not include an unrecorded and immediate right of replay not exchangeable for value." Tex.Penal Code Ann.. § 47.01(8) (Vernon 1989). This section was designed to exclude amusement-type pinball machines. See Practice Commentary, Tex.Penal Code Ann. § 47.01 (Vernon 1989). Thus, the video slot machine in this case is not excluded because it records the credits won, and the credits are exchangeable for money.

We find that section 47.01(3) is not impermissibly vague as applied to appellees in its definition of a "gambling device." When measured by common understanding and practices, the statute fairly apprised appellees of the nature of the conduct it proscribed. State v. Gambling Device, 859 S.W.2d 519, 524 (Tex.App.—Houston [1st Dist.] 1993, writ filed). Finding that the statute defining "gambling device" is not impermissibly vague, we also must find that section 47.04, which criminalizes using or permitting another to use property for playing gambling devices, and section 47.06, which criminalizes possession of a gambling device, are not unconstitutionally vague as applied to appellees. Because no skill is required to play the game and value is awarded, it is apparent that the device is designed for gambling purposes. Appellees' awareness of the device's purpose was clearly demonstrated by their payment of the accumulated credits and using the "knock-off" switch to reset the credit meter to zero. Thus, these statutes cannot be considered impermissibly vague as applied to appellees' conduct. We sustain the state's single point of error.

We conclude that appellees have not met their burden of establishing that the gambling statutes in this case are unconstitutional as applied to them. Appellees' indictments were dismissed in error. We reverse the orders of the trial court dismissing the indictments and remand the cases for proceedings consistent with this opinion.