TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00688-CR








Ex Parte: Shawn Paul Anderson, (1) Appellant








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NOS. 94-545-K26, 94-546-K26 & 94-547-K26, 


HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING








 The opinion and judgment in this cause issued May 17, 1995 are withdrawn. The
following is the opinion of the Court.

 This appeal is taken from orders denying relief in pretrial habeas corpus
proceedings in which appellant, Shawn Paul Anderson, attacked the constitutionality of the statute
under which he was charged. In two points of error, appellant contends that he was denied the
right to due process under the Fifth and Fourteenth Amendments to the United States Constitution
and to the due course of the law under Article I, section 19 of the Texas Constitution "because the statutory provision 'sado-masochistic abuse' fails to give him fair notice
of the prohibited conduct and encourages arbitrary enforcement of the statute."

 In three indictments appellant is charged with intentionally or knowingly
employing, authorizing, or inducing a child to engage in sexual conduct, "namely masturbation
or sado-masochistic abuse." Each indictment relates to a different complainant. The indictment
in trial cause no. 94-546-K26 contains two counts of the above described offense alleged to have
occurred on different dates. The other two indictments contain four counts each.

 The dates alleged in the indictments range from January 1, 1993 until January 27,
1994. Thus, appellant was charged under the Penal Code. Act of May 27, 1985, 69th Leg.,
R.S., ch. 530, § 1, 1985 Tex. Gen. Laws 2133 (Texas Penal Code § 43.25, as amended)
(hereinafter former section 43.25). (2) Former section 43.25 provided in pertinent part:



(a) In this section:


 (1)  "Sexual performance" means any performance or part thereof that
includes sexual conduct by a child younger than 17 years of age.


 (2)  "Sexual conduct" means actual or simulated sexual intercourse, deviate
sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse,
or lewd exhibition of the genitals.


 . . .


 (8)  "Sado-masochistic abuse" has the meaning defined by Section 43.24 of
this code.


(b) A person commits an offense, if, knowing the character and content thereof,
he employs, authorizes, or induces a child younger than 17 years of age to
engage in sexual conduct or a sexual performance. A parent or legal
guardian or custodian of a child younger than 17 years of age commits an
offense if he consents to the participation by the child in a sexual
performance.


(c) An offense under Subsection (b) of this section is a felony of the second
degree.


(d) A person commits an offense if, knowing the character and content of the
material, he produces, directs or promotes a performance that includes sexual
conduct by a child younger than 17 years of age.


(e) An offense under Subsection (d) of this section is a felony of the third degree.



 Each of the ten counts in the three indictments charge in pertinent part that
appellant, "knowing the character and content thereof, intentionally or knowingly employed,
authorized, or induced [complainant], a child younger than 17 years of age, to engage in sexual
conduct, namely masturbation or sado-masochistic abuse." In Summers v. State, 845 S.W.2d 440
(Tex. App.--Eastland 1992, no pet.), the court wrote:



 Prior to 1985, Section 43.25(b) provided that an offense occurred if a person
employed, authorized, or induced a child younger than 17 years of age "to engage
in a sexual performance." In 1985, the legislature amended Section 43.25(b) to
read "to engage in sexual conduct or a sexual performance." The post-amendment
language of Section 43.25(b) indicates the legislature's intent that employing,
authorizing, or inducing a child to engage in either sexual conduct or sexual
performance is an offense under Section 43.25(b). We disagree with appellant's
contention that, by adding the words "sexual conduct or" to the statute, the
legislature intended to limit the offense to only sexual performance as defined by
Section 43.25(a)(1) and not to include sexual conduct as defined by Section
43.25(a)(2).


   The indictment alleged an offense against the laws of the State of Texas as
defined by Section 43.25(b). Therefore, the trial court did not err in denying the
motion to quash, and appellant's point of error is overruled.



Id. at 442 (emphasis added). It is clear that the indictments charged appellant with employing,
authorizing or inducing a child to engage in sexual conduct, not sexual performance.

 In his petitions for pretrial writs of habeas corpus appellant urged that former
section 43.25(a)(8) is unconstitutionally void for vagueness. He noted that former section
43.25(a)(8) provided: "(8) 'Sado-masochistic abuse' has the meaning defined by section 43.24
of this code." Appellant then argued that section 43.24 (Sale, Distribution, or Display of Harmful
Material to Minor) did not originally, nor has it since, contained any definition or even mention
of "sado-masochistic abuse." (3) Appellant was correct in this assertion. Appellant argued that the
legislature intended but failed to define the term and that such failure rendered subsection (a)(8)
of former section 43.25 unconstitutionally vague. In his argument appellant did not explore the
continued validity of former section 43.25 if subsection (a)(8) alone was declared unconstitutional. 
He did argue, however, that the failure of the legislation to define "sado-masochistic abuse"
deprived him of fair notice of the prohibited conduct under former section 43.25(b) and
encouraged arbitrary enforcement of the law.

 It appears that the trial court issued the writs, but after a hearing on November 10,
1994, denied habeas corpus relief. Notices of appeal were then given. The statement of facts at
the habeas hearing has not been brought forward in the appellate record. See Tex. R. App. P.
50(d) (providing that burden is on appellant to see that sufficient record is presented to show error
requiring reversal). Appellant reurges the argument presented to the trial court.

 Whenever an attack upon the constitutionality of a statute is presented for
determination, we begin with the presumption that the statute is valid and that the legislature has
not acted unreasonably or arbitrarily in enacting the statute. See Ex parte Granviel, 561 S.W.2d
503, 511 (Tex. Crim. App. 1978); Morris v. State, 833 S.W.2d 624, 627 (Tex. App.--Houston
[14th Dist.] 1992, pet. ref'd), cert. denied, 113 S. Ct. 387 (1993); see also State v. Mendel, 871
S.W.2d 906, 908 (Tex. App.--Houston [14th Dist.] 1994, no pet. h.); State v. Fry, 867 S.W.2d
398, 400 (Tex. App.--Houston [14th Dist.] 1993, no pet. h.). The burden rests upon the individual
challenging the statute to establish its unconstitutionality. Granviel, 561 S.W.2d at 511. This
Court must uphold the statute if a reasonable construction can be ascertained which will render
the statute constitutional and carry out the legislative intent. Ely v. State, 582 S.W.2d 416, 419
(Tex. Crim. App. 1979); Fry, 867 S.W.2d at 400.

 Appellant challenges the constitutionality of the statute on the basis of vagueness. 
In doing so, appellant must show that in its operation the statute is unconstitutional as applied to
him in his situation; that it may be unconstitutional as to others is not sufficient. Bynum, 767
S.W.2d at 774. In passing on a vagueness challenge where no First Amendment rights are
involved, (4) the reviewing court should not consider hypothetical situations but should scrutinize
the statute only to determine whether it is impermissibly vague as applied to the challenging
party's specific conduct. Briggs v. State, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987). A
challenge that alleges vagueness as the basis for the unconstitutionality of a statute will be upheld
only if the statute is impermissibly vague in all its applications. Id. A facial challenge is the most
difficult because the challenger must establish that no set of circumstances exists under which the
act would be valid. Briggs v. State, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990). In addition,
pretrial attacks on the constitutionality of a statute are also difficult primarily because the facts of
the case have not been developed, or if developed, have not been brought forward in the record. 
See State v. Szela, 820 S.W.2d 200, 205 (Tex. App.--Corpus Christi 1991, pet. ref'd).

 A reviewing court must make a two-pronged inquiry in the examination of a
criminal statute for vagueness. The first inquiry is whether an ordinary, law-abiding person
receives sufficient information from the statute that his conduct risks violating the criminal law. 
A statute is vague when persons of common intelligence must necessarily guess at its meaning and
differ about its application. See Cotton v. State, 686 S.W.2d 140, 141 (Tex. Crim. App. 1985). 
All penal laws must give fair notice to the populace about what activity is made criminal. Bynum,
767 S.W.2d at 773. A provision, however, need not be mathematically precise; it need only give
fair warning, in light of common understanding and practices. Grayned v. City of Rockford, 408
U.S. 104, 110 (1972); Mendel, 871 S.W.2d at 909. A statute is, however, unconstitutionally
vague when no core of prohibited activity is defined. Briggs, 740 S.W.2d at 806.

 The second inquiry involves a determination of whether the statute provides
sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. 
Bynum, 767 S.W.2d at 773. A statute must be sufficiently definite to avoid the possibility of
arbitrary and erratic arrests and convictions. Papachristou v. City of Jacksonville, 405 U.S. 156,
162 (1972). Either of these inquiries forms an independent ground for a finding of vagueness. 
Adley v. State, 718 S.W.2d 682, 685 (Tex. Crim. App. 1985).

 A statute is not unconstitutionally vague merely because it fails to define words or
terms used. Engelking v. State, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988); Ahearn v. State,
588 S.W.2d 327, 338 (Tex. Crim. App. 1979). When words are not defined, they are ordinarily
given their plain meaning unless the statute clearly shows that they were used in some other sense. 
Daniels v. State, 754 S.W.2d 214, 219 (Tex. Crim. App. 1988); State v. Garcia, 823 S.W.2d
793, 798 (Tex. App.--San Antonio 1992, pet. ref'd). In the absence of special definitions,
statutory language under attack as vague can be measured by common understanding and practices
or construed in the sense generally understood. Ely, 582 S.W.2d at 419. Statutory words are to
be read in context and construed according to the rules of grammar and common usage. Tex.
Gov't Code Ann. § 311.011(a) (West 1988); States v. Sandoval, 842 S.W.2d 782, 787 (Tex.
App.--Corpus Christi 1992, pet. ref'd).

 The term "sado-masochistic abuse" is found in the definition of "sexual conduct." 
See former § 43.25(a)(2) in effect at the time of alleged offenses. It is only one of the meanings
attributed to "sexual conduct." Most of the meanings are not statutorily defined. In former
section 43.25(a)(7), the reader is referred to former section 43.01 of the Code for the definition
of "deviate sexual intercourse." In former section 43.25(a)(8), the reader is referred to former
section 43.24 of the Code for the definition of "sado-masochistic abuse." As noted, section 43.24
has never contained any reference to "sado-masochistic abuse." It was not amended in 1985 when
subsection (a)(8) was added to former section 43.25. The current version of section 43.24 makes
no mention of the term. In fact, current section 43.25 no longer has a subsection (a)(8). It has
been repealed. Tex. Penal Code Ann. § 43.25 (1994).

 Whether the legislature intended to define "sado-masochistic abuse" and did not,
or whether there was a mistake, omission or oversight in legislative draftsmanship, the term itself
is neither vague nor indefinite. "Sadism" means a condition in which sexual gratification depends
largely on the infliction of pain on others (after Comte Donatien Alphonse Francoise de Sade
1740-1814, French novelist and libertine called Marquis de Sade). The Reader's Digest Great
Encyclopedic Dictionary 1182 (1956). "Masochism" means a condition in which sexual
gratification depends largely on undergoing physical pain and humiliation (after Leopold Von
Sacher-Masoch 1835-95, Austrian novelist who described this condition). Id. at 832. An
individual practices "sadism" by deriving sexual gratification from physically or mentally abusing
another person, and practices masochism by deriving sexual gratification from having someone
else physically or mentally abuse the individual. Webster's New Twentieth Century Dictionary,
1106, 1594 (2d Ed. 1975). It follows that "sado-masochism" means sexual gratification from
inflicting or receiving physical or mental abuse. The Random House Dictionary of The English
Language, 1690 (2d Ed. 1987); see also Webster's Medical Desk Dictionary 630 (1986). "Sado-masochism" also has been described as a "tendency to simultaneous sadism and masochism." The
American Heritage Dictionary of the English Language 1142 (1973). One medical encyclopedia
offers a common sense meaning of sado-masochism: "Sexual arousal caused by inflicting pain
or punishment (sadism) or by receiving abuse (masochism). Sadism and masochism may be
combined in a person, although one trait usually predominates." The American Medical
Association Encyclopedia of Medicine 878-89 (1989). "Abuse" is, of course, defined as "1. To
use wrongly or improperly misuse. 2. To hurt or injure by maltreatment." The American
Heritage Dictionary of the English Language 6 (1973). Words defined in dictionaries and with
meanings so well known as to be understood by a person of ordinary intelligence have been held
not to be vague and indefinite. Floyd v. State, 575 S.W.2d 21, 23 (Tex. Crim. App. 1978);
Sandoval, 842 S.W.2d at 787.

 Former section 43.25 is presumed valid. Appellant has not overcome this
presumption or sustained his burden of showing the statute's unconstitutionality. Appellant has
not demonstrated that in its operation, the statute is unconstitutional as applied to him in his
situation. Moreover, he has not brought forward the statement of facts from the habeas corpus
hearing. Tex. R. App. P. 50(d). A mere facial challenge to the constitutionality of a statute is
most difficult. Appellant has failed to establish that no set of circumstances exists under which
the statute would be valid. Briggs, 740 S.W.2d at 923. A statute is not unconstitutionally vague
merely because it fails to define words or terms. Engelking, 750 S.W.2d at 215. This is true
even if the legislature intended to define a word or phrase and for some reason did not. If
subsection (a)(8) were stricken from the statute (5) or alone declared unconstitutional, the balance
of the statute would not be affected. The statutory language "sado-masochistic abuse" can be
measured by common understanding and practices or construed in the sense generally understood. 
Ely, 582 S.W.2d at 419. When read in context and construed according to the rules of grammar
and common usage, the term is not vague and indefinite.

 We find that former section 43.25 under which appellant is being prosecuted is not
impermissibly vague as applied to appellant. When measured by its common understanding and
practices, the statute fairly apprises appellant of the conduct it proscribed. Fry, 867 S.W.2d at
402. Appellant has not been deprived of the due process of law under the Fifth and Fourteenth
Amendment to the United States Constitution either as to a lack of fair notice or the
encouragement of arbitrary enforcement of the statute.

 Appellant also argues that the due course of law clause (Article I, section 19) of
the Texas Constitution deserves "independent analysis" as to his claim that section 43.25 is
unconstitutionally vague. The language of the state constitutional provision is different from the
language of the corresponding federal provisions, and this Court is free to interpret our own
constitution as granting greater rights to Texas citizens than the federal constitution as interpreted
by the United States Supreme Court. See City of Mesquite v. Aladdin's Castle, 455 U.S. 283, 293
(1982). (6) Courts have sometimes equated the due course of law clause in article I, section 19 of
the Texas Constitution with the guarantees of due process under the Fourteenth Amendment to
the United States Constitution, Norris v. State, 788 S.W.2d 65, 72 (Tex. App.--Dallas 1990, pet.
ref'd), but Texas courts are not bound by United States Supreme Court decisions addressing due
process issues. Wilson v. State, 825 S.W.2d 155, 162 (Tex. App.--Dallas 1992, pet. ref'd).

 A party challenging the constitutionality of a statute has the burden of proof to
establish its invalidity. Granviel, 561 S.W.2d at 511. Appellant has not carried his burden of
proof to show that he was denied the due course of the law. He has not brought forward the
statement of facts from the hearing in which the trial court denied the habeas corpus relief and
upheld the constitutionality of the statute. Cf. Ex parte Skero, 875 S.W.2d 44, 46 (Tex.
App.--Houston [1st Dist.] 1994, no pet.); Tex. R. App P. 50(d).

 Appellant's request on appeal for a separate analysis is based principally on
undeveloped assertions. The two cases cited to show that due course of law should be given a
different interpretation than its federal counterpart in the instant case do not involve the vagueness
doctrine. A state constitutional claim must provide a court with some basis for the application of
a constitutional test beyond that required of a federal constitutional analysis. See Muniz v. State,
851 S.W.2d 238, 252 (Tex. Crim. App. 1993). An appellate court will normally decline to make
state constitutional arguments for appellants. Corwin v. State, 870 S.W.2d 23, 27 (Tex. Crim.
App. 1993). We are not holding that Article I, section 19 of the Texas Constitution cannot be
utilized to attack the constitutionality of a statute for vagueness. However, in light of the appellate
record before this Court, we find no basis in the instant case for reaching a different conclusion
under Article I section 19 of the Texas Constitution than we did under the Fifth and Fourteenth
Amendments to the United States Constitution. Appellant's points of error one and two are
overruled.

 The orders denying habeas corpus relief are affirmed.




 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed 

Filed: June 28, 1995

Publish






* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The cause has been restyled "Ex parte Shawn Paul Anderson" in accordance with the
nature of the proceedings and appeals. Habeas corpus proceedings are separate and distinct
proceedings from the criminal case or cases out of which the habeas proceedings arise. See
Tex. Code Crim. Proc. Ann. art. 11.01, et. seq. (West 1977). These habeas proceedings should
be given different cause numbers than the criminal cases by the clerk of the court in which the
habeas proceedings are filed regardless of the style or cause numbers placed on the habeas corpus
petitions by counsel. The bench and the bar should be alert to this common mistake. By order
dated December 7, 1994, this Court consolidated cause numbers 03-94-00688-CR, 03-94-00689-CR, and 03-94-690-CR into cause number 03-94-00688-CR.
2.   See now Tex. Penal Code Ann. § 43.25 (West 1994), effective September 1, 1994.
3.   Section 43.24 was originally enacted as part of the 1973 Penal Code. Act of May 24,
1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 833, 961 (Tex. Penal Code § 43.24,
since amended). See now § 43.24 (West 1994).
4.   A statute is considered impermissibly overbroad if, in addition to proscribing activities
which may be forbidden, it sweeps speech or conduct protected by the First Amendment within
its coverage. Morehead v. State, 807 S.W.2d 577, 580 (Tex. Crim. App. 1991). An attack on
a statute as being overbroad is normally reserved for complaints concerning First Amendment
violations. Bynum v. State, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989). The United States
Supreme Court has not recognized an "overbreadth" doctrine outside the limited context of the
First Amendment. United States v. Salerno, 481 U.S. 739, 745 (1987). Appellant has not
complained that the statute in question concerns any First Amendment right. The overbreadth
doctrine does not apply.
5.   See Delarme v. State, 488 S.W.2d 808, 811 (Tex. Crim. App. 1973).
6.   As to the differences see 1 G. Braden, The Constitution of the State of Texas; Annotated and
Comparative Analysis 50, 67 (1977).