TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00234-CR

Michael Rose, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY

NO. 95-1792-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING

A jury found appellant guilty of communicating with the complainant in a threatening and
harassing manner, in violation of a protective order. See Tex. Penal Code Ann. § 25.07(a)(2) (West Supp.
1997). The county court at law assessed punishment at incarceration for 365 days and a $3000 fine,
suspended imposition of sentence, and placed appellant on community supervision. Appellant contends
that section 25.07(a)(2) is unconstitutionally vague and that the evidence is legally insufficient to sustain the
conviction.

The State concedes that the evidence in this cause, when viewed in the light most favorable
to the verdict, does not support a finding beyond a reasonable doubt that appellant communicated with the
complainant in either a threatening or harassing manner. See Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981) (test for legal sufficiency). Accordingly, point of error two is sustained.

The constitutionality of a statute should not be addressed unless it is absolutely necessary
to decide the appeal. Briggs v. State, 740 S.W.2d 803, 806-07 (Tex. Crim. App. 1987). Because of
our disposition of the second point of error, we do not address the constitutional issue raised in point one.

We reverse the judgment of conviction and render a judgment of acquittal.

 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Reversed and Rendered

Filed: October 2, 1997

Do Not Publish