11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tina Marie Wright a/k/a Tina Marie Nagel

Appellant

Vs.                   No.
11-02-00006-CR -- Appeal from Taylor County

State of Texas

Appellee

 

                                                                     On
Remand

Tina Marie Wright a/k/a Tina Marie Nagel was
charged with possessing methamphetamine in an amount of 400 grams or more.  The jury convicted her of the lesser included
offense of possession of 200 grams or more but less than 400 grams of
methamphetamine.  The trial court
assessed appellant=s
punishment at confinement for life.  On
April 3, 2003, this court affirmed appellant=s
conviction.  However, the Court of
Criminal Appeals granted appellant=s
petition for discretionary review, vacated our judgment, and remanded the cause
for reconsideration of four of appellant=s
points of error which the Court of Criminal Appeals held were inadequately
addressed in our original opinion.  Upon
reconsideration, we again affirm the judgment of the trial court.  

In her first point of error, appellant contends
that the evidence is legally insufficient to support her conviction because a
rational trier of fact could not have found that she
possessed over 200 grams of methamphetamine. 
In her second point, appellant argues that the evidence is factually
insufficient to support her conviction when the evidence is Aconsidered in light of the proper
method of determining the weight of a controlled substance.@ 
In her third and fourth points of error, appellant contends that the
statutory definition of controlled substance, both on its face and as applied
in this case, is unconstitutionally vague in violation of her rights to due
process under the Fourteenth Amendment to the United States Constitution and
Article I, section 19 of the Texas Constitution.  

 








At the heart of all of appellant=s points of error is the definition of
the term Acontrolled
substance.@  At the time of this offense, the term Acontrolled substance@ was defined as follows:  

[A]
substance, including a drug, an adulterant, a dilutant,
an immediate precursor, listed in Schedules I through V or Penalty Groups 1,
1-A, or 2 through 4.  The term includes
the aggregate weight of any mixture, solution, or other substance containing a
controlled substance. 

 

Ingram v. State, 124 S.W.3d 672, 675 (Tex.App.
- Eastland 2003, no pet=n)(quoting
former TEX. HEALTH & SAFETY CODE '
481.002(5) (2000)).[1]  It is a first degree felony under TEX. HEALTH
& SAFETY CODE ANN. '
481.115(e) (Vernon 2003) to possess methamphetamine, a substance found in
Penalty Group 1, Aif the
amount of the controlled substance possessed is, by aggregate weight, including
adulterants or dilutants, 200 grams or more but less
than 400 grams.@

In order to determine if the evidence is legally
sufficient to support the jury=s
verdict, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 









The record shows that a search of appellant=s residence revealed a glass jar
containing 305.62 grams of liquid; an Everclear
bottle containing 1,210 grams of liquid and powder; coffee filters containing a
trace of methamphetamine; and paper towels containing 15.92 grams of a brown,
powdery substance identified as Abones,@ the substance discarded after
methamphetamine has been extracted.  Also
recovered during the search B
from appellant=s pocket B was .73 grams of a gummy, powdery
substance containing methamphetamine. 
Eddie Lee Dickie, a supervising criminalist at the Department of Public Safety Laboratory
in Abilene, testified as an expert for the State.  Dickie specifically
testified that, based on the legal definition of the term Acontrolled substance,@ the glass jar contained 305.62 grams
of a controlled substance, namely methamphetamine.  Dickie also
testified that the substance in the glass jar was not pure, Anot by a long shot,@ but that he has not ever encountered
pure methamphetamine in his 27 years of experience.  Dickie stated that
the Everclear bottle Adid
contain methamphetamine,@
though it appeared to be a Apill
soak@that
should not contain methamphetamine.  Dickie testified that the purity of the methamphetamine in
the Everclear bottle was unusually weak.  

Appellant then called an expert to testify on her
behalf.  Thomas Ekis,
of Forensic Consultant Services, testified that he performed chemical analyses
on the substances seized from the search of appellant and her residence.  According to Ekis,
the glass jar was only .05 percent pure methamphetamine.  In Ekis=s opinion, somebody had already
powdered and taken most of the methamphetamine out of the mixture in the glass
jar, leaving only a residual remaining in the jar.  Ekis testified that
the Everclear bottle, a Apill
soak@ used to
extract pseudoephedrine from tablets, had somehow
been tainted with methamphetamine and, therefore, contained a trace of
methamphetamine amounting to .003 percent. 
Ekis also testified that the Abones@
in the paper towel contained .001 percent methamphetamine.  

Ekis further testified
that the remaining substance found in the glass jar was a toxic hydrocarbon
solution such as gasoline or Coleman fuel and that it was not an adulterant, dilutant, or precursor. 
As for the Everclear bottle, it contained
mostly ethyl alcohol, which is commonly used to clean or extract the
precursor.  Ekis
agreed with Dickie that, as a general rule, pure methamphetamine
is not found.  Ekis
also admitted that, if controlled substance is defined as the aggregate weight
of a mixture or a solution containing a controlled substance, then the exhibits
in this case contained over 1,500 grams of the controlled substance
methamphetamine.  








After reviewing all of the evidence in this case,
we hold that the evidence is both legally and factually sufficient to support
the jury=s
verdict.  Both experts testified that the
mixture or solution in the glass jar and the mixture or solution in the Everclear bottle contained methamphetamine and that the
weight of each mixture or solution was over 200 grams.  Testimony showing that a mixture, solution,
or other substance contains a controlled substance is sufficient to support a
conviction for possession of that controlled substance in an amount equal to
the aggregate weight of the mixture or solution.  See Melton v. State, 120 S.W.3d 339,
343-44 (Tex.Cr.App.2003); Dowling v. State, 885 S.W.2d 103, 127
(Tex.Cr.App.1994)(op. on reh=g
on court=s
motion)(recognizing that the 1989 legislative amendments would have this
effect); Ingram v. State, supra. 
Appellant=s first
and second points of error are overruled. 


In her third and fourth points of error, appellant
asserts that the definition of Acontrolled
substance@ in
Section 481.002(5) is unconstitutionally vague. 
We disagree. 

When reviewing the constitutionality of a statute,
we presume that the statute is valid and that the legislature has not acted
unreasonably or arbitrarily in enacting it. 
Ex parte Granviel,
561 S.W.2d 503, 511 (Tex.Cr.App.1978). 
The burden is on the party challenging the statute to establish that it
is unconstitutional.  Ex parte Granviel, supra.  In order to establish that a statute is
unconstitutional on its face, the challenger must establish that no set of
circumstances exists under which the statute would be valid.  Briggs v. State, 740 S.W.2d 803
(Tex.Cr.App.1987).  A person who engages
in some conduct that is clearly proscribed cannot complain of the vagueness of
the law as applied to the conduct of others. 
Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,  455 U.S. 489 (1982); Bynum v. State,
767 S.W.2d 769, 774 (Tex.Cr.App.1989). 
Accordingly, when challenging a statute for vagueness, a defendant must show
that the statute as it applies to him in his situation is
unconstitutional.  Bynum v. State,
supra; Briggs v. State, supra. 









A criminal statute is not vague if (1) it gives a
person of ordinary intelligence a reasonable opportunity to know what conduct
is prohibited and (2) it provides sufficient notice to law enforcement to
prevent arbitrary or discriminatory enforcement.  Grayned
v. City of Rockford, 408 U.S. 104, 108-09 (1972); State v. Edmond,
933 S.W.2d 120, 125 (Tex.Cr.App.1996); Long v. State, 931 S.W.2d 285,
287 (Tex.Cr.App.1996).  A statutory
provision need not be mathematically precise; it need only give fair warning in
light of common understanding and practices. Grayned
v. City of Rockford, supra at 110. 
In this case, appellant possessed a solution or mixture that contained
methamphetamine and that was used in the process of manufacturing
methamphetamine.  Although the percentage
of pure methamphetamine contained in the solution or mixture was relatively
small, the statute clearly provided that it was illegal to possess a controlled
substance and that the aggregate weight of any mixture or solution would be
used to determine the amount of controlled substance possessed.  We hold that appellant has not established
that Section 481.002(5) is unconstitutionally vague as applied to her in her
situation.  

Moreover, the language in Section 481.002(5)
clearly states that the term Acontrolled
substance@ Aincludes the aggregate weight of any
mixture, solution, or other substance containing a controlled substance.@ 
A person of ordinary intelligence should know what conduct is prohibited
given the definition of controlled substance in Section 481.002(5).  Furthermore, the definition is sufficient to
notify law enforcement and to prevent the arbitrary or discriminatory
enforcement of the statute.  The third
and fourth points of error are overruled. 

The judgment of the trial court is affirmed.  

 

W. G. ARNOT, III

CHIEF JUSTICE

 

January 20, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J. 











[1]We will refer to the former version of the statute as
Section 481.002(5) in this opinion.  We
note, however, that the statute was amended after this offense and that the
current version of the statute omits Aan
immediate precursor@ from the definition but makes no other substantive
changes.  TEX. HEALTH & SAFETY CODE
ANN. ' 481.002(5) (Vernon Supp. 2004 - 2005).