IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00019-CR

 

In re
Richard Ventura Rios,

aka
Richard Sardaneta Rios

 

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

          The Petition for Writ of Mandamus is
denied.

 

TOM GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Petition
denied

Opinion
delivered and filed February 1, 2006

Do
not publish

[OT06]






>                                                                                                    

      A jury found Jarrett Nelson guilty of the delivery of a controlled substance—cocaine. The
jury found that the cocaine involved in the delivery met the definition of a deadly weapon. 
Accordingly, the court entered a deadly weapon finding in the judgment after assessing punishment
at eighty years in prison. Nelson first contends the court erred in holding that the cocaine was a
deadly weapon. He next argues that the definition of a deadly weapon is unconstitutional because
of vagueness. See Tex. Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974). We will reform the
judgment to remove the deadly weapon finding and then affirm. 
      On February 26, 1991, Darrell DeLoach, a member of the Brazos Valley Drug Trafficking
Task Force, parked his car behind a club in Hearne. His informant, Eddie Hood, called out to
four men, including Jarrett Nelson, who then approached DeLoach's car. DeLoach testified that
Nelson handed a rock of crack cocaine to one of the men who then sold and delivered the cocaine
to DeLoach for $15.00.
      In his first point Nelson contends that the trial court erred when it made an affirmative deadly
weapon finding. The Penal Code defines a deadly weapon as:
(A) a firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or
(B) anything that in the manner of its use or intended use is capable of causing death
or serious bodily injury.
Id. 
      Thus, to be a deadly weapon the cocaine must either be "manifestly designed, made or
adapted for the purpose of inflicting death or serious bodily injury," or be "in the manner of its
use or intended use is capable of causing death or serious bodily injury." See Quintana v. State,
777 S.W.2d 474, 478 (Tex. App.—Corpus Christi 1989, pet. ref'd). Cocaine is not a deadly
weapon per se under subparagraph (A); however, it may be shown to be a deadly weapon under
subparagraph (B) by showing the manner of its use and its capability to cause death or serious
bodily injury. See Thomas v. State, 821 S.W.2d 616, 619-20 (Tex. Crim. App. 1991). When a
weapon is not actually used to cause death or serious bodily injury, to support a deadly weapon
finding under subparagraph (B), two elements must be proved. Hernandez v. State, 649 S.W.2d
720, 722 (Tex. App.—Amarillo 1982, no pet.). First, the item used must be capable of causing
the requisite harm. Id. The capability of the item to cause death or serious bodily injury may be
apparent from the nature of the item and may be established by lay testimony. Id. Second, there
must be evidence that the weapon was used in a manner indicating an intent to cause death or
serious bodily injury. Id. 
      The court heard testimony from a police officer and a toxicologist who both testified that 
crack cocaine is capable of causing death or serious bodily injury. They also stated that the
normal usage of crack cocaine is to produce a "high." Thus, the evidence supports the first
element, that crack cocaine is capable of causing death or serious bodily injury is satisfied.
      Nelson was convicted of delivery of a controlled substance. There is no evidence, however,
that he delivered the cocaine in a manner indicating he had any intent to cause death or serious
bodily injury. Thus, the second element is not satisfied. We sustain the first point.
      Nelson's second point is that section 1.07 (a)(11)(B) of the Texas Penal Code is
unconstitutionally vague and overbroad by the use of the word "anything." In a vagueness
challenge, when, as here, no First Amendment rights are involved, the reviewing court need only
scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging
party's specific conduct. Clark v. State, 665 S.W.2d 476, 483 (Tex. Crim. App. 1984). A
vagueness challenge to an enactment will be upheld only if it is impermissibly vague in all of its
applications. Briggs v. State, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987). Furthermore, when
challenging the constitutionality of a statute, a defendant must show that, in its operation, the
statute is unconstitutional as to him in his situation; that it may be unconstitutional regarding others
is not sufficient. Parent v. State, 621 S.W.2d 796, 797 (Tex. Crim. App. 1981). A statute is
unconstitutionally void for vagueness only when no standard of conduct is obtained at all or when
no core of prohibited activity is defined. Briggs, 740 S.W.2d at 806.
      Even though section 1.07(a)(11)(B) does not list items that could qualify as deadly weapons,
the statute is precise because it limits those items to "anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury." Quintana, 777 S.W.2d at 481. 
The evidence at trial indicated that cocaine is capable of causing death or serious bodily injury. 
However, as noted above, there is no evidence that Nelson's manner of use or intended use of the
cocaine was to cause death or serious bodily injury. Nelson only intended to deliver the drug to
DeLoach. Thus, section 1.07(a)(11)(B) clearly establishes a standard of conduct and a core of
prohibited activity. See Briggs, 740 S.W.2d at 806. We therefore hold that section 1.07(a)(11)(B)
is constitutional as applied to Nelson. See Clark, 665 S.W.2d at 483. Point two is overruled.
      Having sustained point one, we reform the judgment to delete the deadly weapon finding and
affirm the judgment as reformed. See Tex. R. App. P. 80(b)(2).


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reformed and affirmed
Opinion delivered and filed January 27, 1993
Do not publish