

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00188-CR

_____

FRANKLIN COY KUHL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423952

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

On February 1, 2014, Franklin Coy Kuhl, Jr., drove C.S.,[1] a fourteen-year-old girl, in his red Chevrolet Cavalier from a house in Hopkins County to a motel in Greenville in Hunt County and engaged in several sex acts with her. As a result, Kuhl was indicted for, and pled guilty to, trafficking a child to engage in prohibited sexual conduct.[2] Kuhl was sentenced to confinement for life[3] in the Texas Department of Criminal Justice Correctional Institutions Division in accordance with the jury's finding of guilt and its assessment of punishment. In this appeal, Kuhl asserts that the trial court erred in denying his challenge to the constitutionality of Section 20A.02(a)(7)(C) of the Texas Penal Code, under which he was indicted and convicted.[4] Because Kuhl has failed to establish that Section 20A.02(a)(7)(C) is unconstitutional, we will affirm the judgment of the trial court.

Kuhl asserts that Section 20A.02(a)(7)(C) is facially overbroad and vague in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sections 6 and 10 of

---

[1]The minor victim will be referred to as "C.S." in accordance with Rule 9.10 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.10.

[2]*See* TEX. PENAL CODE ANN. § 20A.02(a)(7)(C) (West Supp. 2015).

[3]Kuhl's range of punishment was enhanced when he pled "true" to two prior felony convictions.

[4]Kuhl filed a pretrial motion asserting that Section 20A.02 was unconstitutionally vague, which was denied by the trial court.

2

the Texas Constitution.[5]  *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, §§ 6, 10.  Section 20A.02(a)(7)(C) provides,

> (a)     A person commits an offense if the person knowingly:
>
> . . . .
>
> (7)     traffics a child and by any means causes the trafficked child to engage in, or become the victim of, conduct prohibited by:
>
> . . . .
>
> (C)     Section 22.011 (Sexual Assault)

TEX. PENAL CODE ANN. § 20A.02(a)(7)(C).

A "[c]hild" is defined as "a person younger than 18 years of age."  TEX. PENAL CODE ANN. § 20A.01(1) (West Supp. 2015).  Further, "'[t]raffic' means to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means."  TEX. PENAL CODE ANN. § 20A.01(4) (West Supp. 2015).  Kuhl argues that the phrase "by any means" as used in subsection 20A.02(a)(7) and in the definition of "traffic" is overbroad and vague because it may, in some instances, proscribe legal conduct.

In determining whether a statute is constitutional, we presume that the statute is valid. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).  The individual challenging the statute has the burden to establish its unconstitutionality.  *Id.*  When a statute is alleged to be overbroad and vague, we first determine whether the statute "reaches a substantial amount of

---

[5]Although Kuhl argues that the statute is vague and overbroad under both the United States and Texas Constitutions, he does not argue that the Texas Constitution creates a different standard than the United States Constitution, but instead makes one argument citing both federal cases and Texas cases interpreting the United States Constitution. Therefore, we will analyze these points together under the federal standard. *Sullivan v. State*, 986 S.W.2d 708, 711 n.3 (Tex. App.—Dallas 1999, no pet.).

constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982); *see Briggs v. State*, 740 S.W.2d 803, 806 (Tex. Crim. App. 1987).

In this case, Kuhl does not assert that any constitutionally protected conduct was implicated by the statute. Even if such a situation could be imagined, "[a] statute will not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional applications." *State v. Holcombe*, 145 S.W.3d 246, 250 (Tex. App.—Fort Worth 2004), *aff'd*, 187 S.W.3d 496 (Tex. Crim. App. 2006) (citing *Village of Hoffman Estates*, 455 U.S. at 494). Since Kuhl has not demonstrated that the statute impacts a substantial amount of constitutionally protected conduct, his overbreadth claim fails.

In a facial vagueness challenge to a statute that does not implicate constitutionally protected conduct, the challenge will be upheld only when the statute "is impermissibly vague in all of its applications." *Village of Hoffman Estates*, 455 U.S. at 494–95; *see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Further, "it is incumbent upon a defendant to show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional as to others is not sufficient." *Briggs*, 740 S.W.2d at 806 (citing *Parent v. State*, 621 S.W.2d 796, 797 (Tex. Crim. App. [Panel Op.] 1981)); *Vuong v. State*, 830 S.W.2d 929, 941 (Tex. Crim. App. 1992). If the defendant engages in conduct clearly proscribed by the statute, he may not complain of the vagueness of the law as applied to others. *Village of Hoffman Estates*, 455 U.S. at 495; *Watson v. State*, 369 S.W.3d 865, 871 (Tex. Crim. App. 2012).

Kuhl does not contend and has made no showing that the statute is unconstitutional as applied to him and his conduct. Further, the evidence clearly shows that he knowingly transported C.S. and caused her to engage in the prohibited conduct. Since Kuhl has failed to show that Section 20A.02(a)(7)(C) is overbroad and has failed to show that it is unconstitutionally vague as to his conduct, we overrule his point of error.

We affirm the judgment of the trial court.

Ralph K. Burgess
Justice

Date Submitted:     April 11, 2016
Date Decided:       June 16, 2016

Publish