COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________
CAUSE NUMBER 13-99-554-CR


THE STATE OF TEXAS, Appellant,

v.


VASILE HARTOFILAX, Appellee.

____________________________________________________________________
CONSOLIDATED WITH

____________________________________________________________________


CAUSE NUMBER 13-99-555-CR


THE STATE OF TEXAS, Appellant,


v.


DAVID C. TINDALL, Appellee.


_____________________________________________________________________
On appeal from the County Court at Law No. 3 of 

Nueces County, Texas.

____________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Yañez 


In these cases, (2) the State appeals the trial court's orders granting each appellee's motion to suppress evidence obtained
pursuant to a search. Appellees, Vasile C. Hartofilax and Dave C. Tindall, were charged with the misdemeanor offense of
gambling promotion. (3) Appellees filed several pre-trial motions, including identical motions to suppress. Following a
hearing, the trial court granted both motions to suppress. We affirm the trial court's orders.

By a single point of error, the State contends the trial court erred in granting the motions because the trial court's rulings
were based on the State's failure to introduce the search warrant and supporting affidavit into evidence at the suppression
hearing. The State argues it had no burden to introduce the warrant and affidavit because the investigating officer who
obtained the warrant and provided the affidavit testified at the hearing. Appellees contend that the State had the burden of
producing the warrant and affidavit at the hearing, and because it failed to do so, the trial court properly granted appellees'
motions. Appellees further argue that the motions to suppress included other grounds upon which the trial court could
properly have based its rulings. The orders granting the motions stated no basis for the rulings, and the trial court issued no
findings of fact or conclusions of law. Appellees argue, therefore, that the State's presumption that the rulings were based
on the State's failure to produce and exhibit the search warrant is unwarranted.

In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination
of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact
questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating
credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d at 89. However, we review de novo questions of
law and "mixed questions of law and fact" that do not turn on an evaluation of credibility and demeanor. Ross, 32 S.W.3d
at 856; Guzman, 955 S.W.2d at 89. A review of a trial court's ruling on a motion to suppress presents an application of law
to a fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). 

In this case, the trial judge did not specify his reasons for finding the evidence inadmissible. Where, as here, no findings of
fact are filed by the trial court, "we view the evidence in the light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record."
Ross, 32 S.W.3d at 855. If the trial judge's ruling on a motion to suppress is correct on any theory of the law applicable to
the case, we will sustain it. State v. Avila, 910 S.W.2d 505, 508 (Tex. App.--El Paso 1994, pet. ref'd). 

In the case before us, three people testified at the suppression hearing: Robert McFarland, the investigating police officer
who obtained the warrant, and two neighbors who lived near the residence where the illegal gambling allegedly occurred.
Both neighbors testified that they had never observed any suspicious activity at the alleged gambling house, that they were
unaware of any complaints concerning activities at the house, and had observed Hartofilax at the house on numerous
occasions engaged in activity consistent with his use of the house as his residence. McFarland testified that his affidavit
described his knowledge of gambling activity at the house, which he obtained from a confidential informant, other officers,
and through surveillance he had conducted. We conclude it is unnecessary to determine whether the mixed question of law
and fact before us turns on an evaluation of the credibility of the witnesses, because even if we utilize the stricter de
novostandard of review, we conclude the trial court properly granted the motions. See Guzman, 955 S.W.2d at 89.

The motions to suppress asserted that the search warrant was insufficient and not supported by a legally sufficient affidavit
because, inter alia, the affidavit failed to allege any violation of law, the warrant failed to show the informant had any
knowledge that illegal gambling was occurring at the time in question, the information provided by the informant was stale,
and the supporting information in the affidavit, such as vehicle ownership and driver's license information, was not reliable
information sufficient to corroborate probable cause.

McFarland testified that he began his investigation on May 26, 1998. He testified that the informant participated in
gambling at the house after May 26, 1998 and before the search was executed on July 2, 1998. McFarland testified that the
affidavit did not specify when or on how many occasions the informant had been present at the house and did not specify
that the informant had paid money to play. (4)

 He also testified that the informant was not participating in any illegal gambling activities at the house on July 1, when the
warrant was obtained, or on July 2, when the search was executed. McFarland testified that one of the factors making a
poker game illegal is the operator receiving an economic benefit from the game. He testified that his affidavit included
information provided by the informant that a portion of the winnings were designated as a "house cut." According to the
informant, some of the "house" money was used to buy food and beverages for the players. McFarland testified he did not
know how much money was designated or set aside in this manner.

As noted, the State argues that the trial court granted the motions on the basis that the State failed to produce the warrant
and supporting affidavit. Although the record reflects that the trial court considered the State's failure to introduce the
evidence significant, (5) we conclude that it is unnecessary for us to address this issue because there are other grounds
supported by the record on which the trial court could have based its rulings. See Avila, 910 S.W.2d at 508. The trial court
could properly have concluded that the information provided in the affidavit was insufficient to show that the informant
had knowledge of illegal gambling activity at the time the warrant was obtained. We hold the trial court did not err in
granting appellees' motions to dismiss. 

We affirm the trial court's rulings in Cause No. 13-99-554-CV and 

13-99-555-CV. 

 LINDA REYNA YAÑEZ

Justice 


Do not publish. Tex. R. App. P. 47.3

Opinion delivered and filed this the

14th day of June, 2001.

























































1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998). 

2. Appellees, Vasile C. Hartofilax and Dave C. Tindall, are co-defendants in trial court cause number 98-7306-3. 
Hartofilax is the appellee in our cause number 13-99-554-CR and Tindall is the appellee in our cause number
13-99-555-CR. Because the facts and issues are the same in each case, we address both causes in one opinion.

3. See Tex. Pen. Code Ann. § 47.03 (Vernon 1994).

4. Appellees were charged with the offense of gambling promotion. The applicable statute provides, in pertinent part:



(a) A person commits an offense if he intentionally or knowingly does any of the following acts:

(1) operates or participates in the earnings of a gambling place;



Tex. Pen. Code Ann. § 47.03(a)(1) (Vernon 1994). 



A "gambling place" includes a building used for the playing of "gambling devices." An essential element of a "gambling
device" is that the operation of the device requires the payment of consideration. State v. Mendel, 871 S.W.2d 906, 909
(Tex. App.-Houston [14th Dist.] 1994, no pet.).

5. On August 10, 1999, at a hearing on the State's motion to reopen and reconsider the motion to suppress, the judge stated,
"If the state would have simply introduced the-- the affidavit and warrant for the search, and I did everything to invite the
introduction of the piece of evidence, but it was never introduced by the state. I didn't understand at the time why." The
court denied the State's motion to reconsider the motion to suppress.