**Bert McDONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–86–00175–CR.**

Court of Appeals of Texas, Tyler.

Feb. 25, 1988.

Writ Granted Dec. 27, 1988.

Kurt Noell, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for possession of a controlled substance (cocaine). Appellant/defendant Bert McDonald was found guilty by a jury. Punishment was assessed by the court at twenty-five years. We reverse and remand.

McDonald was owner and operator of an establishment licensed to sell liquor. On the basis of a tip from an informant that McDonald was selling cocaine from behind the bar, police conducted a warrantless search of the premises and found a matchbox containing cocaine located in the handle of a trash can under the cash register. McDonald was charged with possession of a controlled substance.

McDonald brings five points of error. We shall only address the first point since it is dispositive of the case. In that point, McDonald argues that the warrantless search of his premises and the subsequent seizure of the cocaine violated both the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. We agree.

The State contends that McDonald had waived his constitutional protection against warrantless search and seizures under Tex. Alco.Bev.Code Ann. § 101.04 (Vernon 1987).[1] Section 101.04 (Vernon 1987) provides:

> By accepting a license or permit, the holder consents that the commission, an authorized representative, or a peace officer may enter the premises at any time to conduct an investigation or inspect the premises for the purpose of performing any duty imposed by this Code.

As support for its position, the State cites the case of *Clark v. State,* 445 S.W.2d 516 (Tex.Cr.App.1969), for the principle that the holder of a liquor license, as a member of an industry regulated by law waives much of his search and seizure protections. However, the Court of Criminal Appeals in their recent decision in *Crosby v. State,* 750 S.W.2d 768 (Tex.Cr.App.1987), stated that "to the extent that *Clark* ... stands for the proposition that peace officers searching and inspecting pursuant [to] ... T.A.B.C. § 101.04, have unbridled discretion to search without regard to the intended purpose of the regulatory statute it is overruled."

The Court of Criminal Appeals in *Crosby,* following the recent decision of the United States Supreme Court in *New York v. Burger,* 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987), held that the reduced expectation of privacy for members of "closely regulated industries" only applies to "administrative inspections" made pursuant to an inspection program certain and regular in its application. Only then can the statute be accepted as a constitutionally adequate substitute for a warrant. *Burger,* 107 S.Ct. at 2644. In the instant case, the drug raid which Tyler police conducted was not in any respect an "administrative inspection."

The State argues that the raid was genuinely an inspection in compliance with liquor laws, citing section 104.01(10) which merely states that a liquor licensee may not possess a narcotic. Apparently, the State is suggesting that any search for narcotics in an establishment which is licensed to sell alcohol constitutes an administrative inspection and requires no warrant. We conclude that the Tyler police were required to obtain a search warrant in this instance.

The trial court committed reversible error in not suppressing the cocaine and its matchbox container since the seizure of those items was made in violation of both U.S.Const. amend. IV. and Tex.Const. art. I, § 9.

In view of our disposition of the first point, we do not reach the four remaining points of error. We reverse the judgment of the trial court and remand the cause for a new trial.

1. All statutory references are to Tex.Alco.Bev. Code Ann. (Vernon 1987) unless otherwise noted.