OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 10, 2002

Mr. O.C. "Chet" Robbins  
Executive Director  
Texas Funeral Service Commission  
P. O. Box 12217  
Austin, Texas 78711

Opinion No. JC-0512

Re: Authority of the Texas Funeral Service Commission to regulate cemetery and crematory owners or operators (RQ-0476-JC)

Dear Mr. Robbins:

The Texas Funeral Service Commission (the "Commission") regulates the funeral services industry under chapter 651 of the Occupations Code. *See* Tex. OCC. CODE ANN. §§ 651.001 - .655 (Vernon 2002). Prior to 2001, the Commission's regulatory authority extended only to persons engaged in funeral directing and embalming. In 2001, the Texas Legislature amended chapter 651 to extend the Commission's regulatory authority to persons who own or operate cemeteries or crematories. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 682, 2001 Tex. Gen. Laws 1288. You ask about the Commission's authority to regulate the conduct of cemetery and crematory owners or operators required to register with the Commission and the Commission's authority to investigate complaints involving such persons.[1] We conclude, that with respect to such cemetery and crematory owners or operators, chapter 651 limits the Commission to regulating the conduct or circumstances expressly described in sections 651.4055, 651.4065, 651.451, 651.452, 651.455, and 651.653 of the Occupations Code, as added or amended by the legislature in 2001. We also conclude that section 651.202(c) of the Occupations Code requires the Commission to investigate all complaints relating to such owners or operators. The Commission, however, may dismiss a complaint if an investigation of the complaint does not reveal a violation of section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653. The Commission is required to maintain as part of a complaint file the results of an investigation of a complaint that the Commission has dismissed because the complaint does not involve a violation of these six statutory provisions. Finally, we conclude that section 651.1575 of the Occupations Code allows the Commission to inspect a cemetery or crematory only if the complaint involves a violation of section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653.

We begin by reviewing the background to the 2001 amendments to the Commission's enabling statute. The Commission is subject to the Texas Sunset Act and would have been abolished

---

[1]*See* Letter from O.C. "Chet" Robbins, Executive Director, Texas Funeral Service Commission, to John Cornyn, Texas Attorney General (Dec. 6, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

if the legislature did not continue its existence. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 682, § 1.04, sec. 651.002, 2001 Tex. Gen. Laws 1288, 1290; TEX. OCC. CODE ANN. § 651.002 (Vernon 2002). As a result of its review, the Sunset Advisory Commission recommended to continue the Commission and several legislative changes. *See* OFFICE OF HOUSE, BILL ANALYSIS, Tex. H.B. 3067, 77th Leg., R.S. (2001) ("Background and Purpose") (enrolled version); SUNSET ADVISORY COMMISSION, REPORT TO THE 77TH LEGISLATURE, 79-80 (2001) (Texas Funeral Service Commission) (hereinafter "Sunset Report"). Among other problems, the Sunset Advisory Commission reported that "[n]ot [r]egulating the [b]urial and [f]inal [d]isposition of a [b]ody [f]ails to [a]dequately [p]rotect [c]onsumers from [f]alse or [d]eceptive [p]ractices," based on the Commission's summarized findings that:

> The Commission receives complaints regarding cemeteries and crematories, but cannot investigate them because it lacks jurisdiction.
>
> Many cemeteries fail to provide consumers with accurate information on prices, refunds, financing, or the legal requirements regarding the purchase of cemetery products.

*Id.* at 88. Accordingly, the Sunset Advisory Commission advocated expansion of the "state's" regulatory authority to cover cemetery and crematory services to "rectify consumer complaints regarding certain aspects of a burial or cremation." *Id.* at 89. Specifically, it recommended, as relevant here, that chapter 651 of the Occupations Code be modified to (1) "require the registration of owners or operators of cemeteries and crematories . . . to ensure responsibility for the complete disposition of a body"; (2) "[r]equire cemeteries and crematories to disclose information to consumers"; and (3) authorize the Commission "to enforce violations of unprofessional conduct by owners or operators of cemeteries and crematories, as defined by Commission rules." *Id.* at 89.

House Bill 3067, which the legislature adopted in 2001, incorporated most but not all of the Sunset Advisory Commission's recommendations. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 682, §§ 1.12, 1.13, 1.21, 1.23, 1.25-1.28, 2001 Tex. Gen. Laws 1288, 1293-94, 1297-99; *see also* OFFICE OF HOUSE, BILL ANALYSIS, Tex. H.B. 3067, 77th Leg., R.S. (2001) ("Background and Purpose") (enrolled version). Section 1.32 of House Bill 3067 amended chapter 651 of the Occupations Code to add subchapter N, which applies "only to a cemetery[2] or crematory[3] that sells goods or services related to the burial or final disposition of a body,"[4] and prohibits a person from conducting a cemetery or crematory business in this state unless an individual who is the owner or

---

[2]"Cemetery" is "a place that is used or intended to be used for internment, and includes a graveyard, burial park, or mausoleum." TEX. OCC. CODE ANN. § 651.001(1) (Vernon 2002).

[3]"Crematory" is "a structure containing a furnace used or intended to be used for the cremation of human remains." *Id.* § 651.001(3).

[4]It does not apply to the maintenance of a cemetery or crematory, including "maintenance of any goods or services provided under chapter 711 [general provisions relating to cemeteries] or 712 [provisions relating to perpetual care cemeteries] of the Health and Safety Code." *Id.* § 651.652(b).

operator of the cemetery or crematory registers with the Commission.[5] Act of May 21, 2001, 77th Leg., R.S., ch. 682, § 1.32, 2001 Tex. Gen. Laws 1288, 1299-300. (footnotes added) (codified at sections 651.652(a) and 651.653, Occupations Code). Additionally, section 1.13 of House Bill 3067 amended section 651.202(c) of the Occupations Code to require the Commission to "investigate each complaint received by the commission relating to a funeral director . . . or *other person* licensed or *registered under this chapter.*" *Id.* § 1.13, 2001 Tex. Gen. Laws at 1293-94 (emphasis added). Section 1.12 of the bill also added section 651.1575 authorizing the Commission to "inspect a cemetery or crematory," but "only if the commission receives a complaint about that facility under Section 651.202." *Id.* § 1.12, 2001 Tex. Gen. Laws at 1293. Section 1.21 of House Bill 3067 added section 651.4055 requiring a "retail price list" to include, among other information, the price of items and services provided by the cemetery or crematory; and section 1.23 added section 651.4065 requiring a "purchase agreement" signed by the "registrant" for the cemetery or crematory to include, among other information, the costs and fees charged by the cemetery or crematory. *Id.* §§ 1.21, 1.23, 2001 Tex. Gen. Laws at 1297. Sections 1.25, 1.26, and 1.27 of House Bill 3067 amended three provisions that set out specific violations of chapter 651 to apply generally to the conduct of cemetery and crematory owners or operators: section 651.451 dealing with fraudulent and deceptive use of a professional license or registration; section 651.452 providing for conviction for a misdemeanor related to a regulated activity or a felony or current substance abuse; and section 651.455 concerning false or misleading statements regarding cemetery or crematory services or the registration held by personnel in the operation of the cemetery or crematory.[6] *Id.* §§ 1.25, 1.26, 1.27, 2001 Tex. Gen. Laws at 1298. Finally, section 1.28 of House Bill 3067 added section 651.5025 authorizing the Commission to revoke without a hearing a "license" for a conviction of a felony related to the practice of an "activity regulated by the commission." *See id.* § 1.28, 2001 Tex. Gen. Laws at 1298-99.

With this background, we turn to your specific questions. You first ask: "Is the Commission's authority to regulate persons required to register with the Commission limited to acts, conduct, or circumstances described in §§ 1.25-.28 [of House Bill 3067] or does the Commission have other regulatory authority over these persons not found in House Bill 3067?" Request Letter, *supra* note 1, at 1.

In considering chapter 651 and the Commission's authority to regulate cemetery and crematory owner's or operator's conduct, we are guided by the following rules of statutory construction: When interpreting statues, like a court, we must attempt to give effect to legislative intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.* 996 S.W.2d 864, 865 (Tex. 1999). It is "cardinal law in Texas," however, that a court construes a statute by first looking at the plain and common meaning of the statutory words. *See id.* If the meaning of the provision is unambiguous,

---

[5]The Sunset Advisory Commission's Staff Report indicates that although crematories are required by law to be located in a cemetery, the owner of a crematory "may or may not be the same person as the owner of cemetery." SUNSET ADVISORY COMMISSION, FUNERAL SERVICES COMMISSION, STAFF REPORT (2000) at 48 (hereinafter "Staff Report").

[6]This section, however, "does not apply to cemetery or crematory services that occur after burial or inurnment." TEX. OCC. CODE ANN. § 651.455(b) (Vernon 2002).

a court adopts, with few exceptions, the interpretation supported by the plain meaning of the statutory words and terms. *See id.* Moreover, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity. *See id.* at 866. "[T]extual aids to construction [may be considered] for the insight they may shed on how the Legislature intended that [its] words be interpreted. In doing so, we look at the entire act, and not at a single section in isolation." *Id.* at 866 (footnotes omitted).

Additionally, we rely on the following principles regarding the extent of an administrative agency's authority. A state administrative agency has only those powers expressly conferred upon it by statute. *See Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001). But an agency may also have implied powers that are reasonably necessary to carry out its express statutory responsibilities because "when the Legislature expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties." *See id.* at 315-16. On the other hand, an agency may not exercise what is effectively a new power, or a power that is contrary to the statute, on the theory that such power is administratively expedient. *See id.* at 316. In the usual case, application of these rules requires a two-step analysis: Whether the legislature has expressly granted an administrative state agency the power to take a particular action; and, if not, whether that power is reasonably necessary for the agency to fulfill the express functions and duties the legislature did give it. *See id.*

Here, you do not ask about the Commission's power to regulate particular conduct. Instead, you ask whether the Commission's authority over cemetery and crematory owners or operators is limited to regulating the conduct or circumstances described in section 651.451 (fraudulent and deceptive use of registration), section 651.452 (misdemeanor conviction related to cemetery or crematory business, felony conviction, current substance abuse), and section 651.455 (false or misleading statements regarding cemetery or crematory services or the cemetery or crematory registration), or whether the Commission has additional or broader regulatory authority over these owners or operators "not found in House Bill 3067." Request Letter, *supra* note 1, at 1. You also ask about section 651.5025 added by section 1.28 of House Bill 3067. *See id.* Section 651.5025, however, does not require or prohibit a conduct, but rather sets out the procedure by which the Commission may sanction certain types of violations, *i.e.,* felony convictions. *See* TEX. OCC. CODE ANN. § 651.5025 (Vernon 2002). Because we understand you to ask about conduct that the Commission is authorized to regulate as violations of chapter 651, we do not address section 651.5025.

With respect to cemetery and crematory owners or operators required to register with the Commission, chapter 651 limits the Commission to regulating the conduct expressly described in sections 651.4055, 651.4065, 651.451, 651.452, 651.455, and 651.653 of the Occupations Code, the provisions added or amended by House Bill 3067. The Commission is generally authorized to regulate persons subject to chapter 651 in several ways. The Commission may, for example, revoke, suspend, or probate a license, *see id.* §§ 651.501, .5025, issue a reprimand, *see id.* §§ 651.501, .504, assess an administrative penalty, *see id.* §§ 651.501, .551, or sue for injunctive relief, *see id.* § 651.601, to punish an act or practice that violates chapter 651. The six provisions added or amended by House Bill 3067 are the only provisions that expressly apply to owners or operators of cemeteries

and crematories and require or prohibit certain conduct. *See id.* §§ 651.4055, .4065, .451, .452, .455, .653.

Sections 651.451, 651.452, 651.455, and 651.653 specifically describe conduct or circumstances that "violate" chapter 651. *See id.* §§ 651.451, .452, .455, .653. Sections 651.451, 651.452, and 651.455 provide that a person violates chapter 651 if the person: (1) obtains a registration by fraud or deception or uses the registration to perpetuate fraud or deception on the Commission or consumers, *see id.* § 651.451; (2) is convicted of a misdemeanor or felony or is a current substance abuser, *see id.* § 651.452; or (3) makes false or misleading statements about cemetery or crematory services required by law or religion or the nature of those services or the person's registration, *see id.* § 651.455. While you do not specifically ask about section 651.653, this section also prohibits a person from conducting a cemetery or crematory business unless the owner or operator is registered with the Commission as well as setting out the registration procedures. *See id.* § 651.653. Clearly, failure to register by a person required to register with the Commission is a violation of chapter 651.

Sections 651.4055 and 651.4065 do not specifically "prohibit" conduct; rather they *require* certain conduct. *See id.* §§ 651.4055, .4065. Failure to comply with these requirements, as a matter of common sense, also "violates" chapter 651. *See also id.* § 651.460(a)(3) ("A person violates this chapter if the person . . . violates this chapter, a rule adopted under this chapter, [or] an order by the commission . . . ."). Section 651.4055 deals with a "retail price list." It defines a "retail price list" as "a printed or typewritten list of the retail price of items or services provided by a cemetery or crematory," and requires it to include the name, address, telephone number of the cemetery or crematory; effective date of stated prices; a printed notice advising the customer regarding his or her freedom to choose only the goods and services desired; and "any other items that the commission may by rule require." *See id.* § 651.4055. Similarly, section 651.4065 provides that a "purchase agreement," signed by the "registrant for the cemetery or crematory" must state the name, address, and telephone number of the facility; the amounts due from the customer; the Commission's address and telephone number; that complaints may be directed to the Commission; and "any other items that the commission may by rule require." *See* § 651.4065(a)-(c); *see also id* § 651.4065(d) (if customer selects package based on unit pricing, "itemization requirement is satisfied by providing purchase agreement that itemizes the discount provided by the package arrangement."). While sections 651.4055 and 651.4065 do not specifically require a cemetery or crematory to provide the retail list and purchase agreement containing the requisite information, we believe that is what they clearly contemplate. Otherwise, sections 651.4055 and 651.4065 would be useless acts. Mandating that information relevant to the consumer and for the consumer's protection be stated or itemized in a document is meaningless and serves no purpose unless the information is provided to the consumer. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998) (presume that legislature has not done a useless act); *Hunter v. Fort Worth Capitol Corp.*, 620 S.W.2d 547, 551 (Tex. 1981) ("[T]he legislature is never presumed to do a useless act."); *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) (presume "that the Legislature did not intend to do a useless thing by putting a meaningless provision in a statute"). Moreover, construing the two statutory provisions to require that the documents and the requisite information be provided to consumers accords with one of the very purposes for amending chapter 651. Again, among the

problems noted by the Sunset Review Commission was that "[m]any cemeteries fail to provide consumers with accurate information on prices, refunds, financing, or the legal requirements regarding the purchase of cemetery products[,]" Sunset Report at 88, and the Sunset Review Commission recommended that chapter 651 be amended to require cemeteries and crematories to disclose information to consumers, *see id.* at 89.

We do not believe that Commission authority to regulate other conduct of cemetery and crematory owners or operators may be implied. Such additional authority would be inconsistent with the statute. Authority to regulate other conduct as violations of chapter 651 necessarily implies the imposition of standards, in addition to the expressly stated ones, on those owners or operators. Such additional standards may not be imposed by implication. *See Mass. v. United N. & S. Dev. Co.*, 168 S.W.2d 226, 229 (Tex. 1942) (interpretation of statute by implication is permitted to supply obvious intent not expressly stated, but not to add to what statute provides expressly); *Bloom v. Tex. State Bd. of Exam'rs of Psychologists*, 492 S.W.2d 460, 462 (Tex. 1973) (statutes may not be interpreted to permit making of agency standards different from or inconsistent with statute, even though they may be reasonable). If the legislature had intended to impose additional standards on cemetery and crematory owners or operators, it would have done so expressly as it did in sections 651.4055, 651.4065, 651.451, 651.452, 651.455, and 651.653.

Nor do we believe that additional implied regulatory authority is "reasonably necessary" to carry out the Commission's express duty to investigate all complaints about cemetery and crematory owners or operators subject to chapter 651. Your subsequent questions suggest that the arguably narrow regulatory authority over misrepresentations and criminal offenses relating to cemetery and crematory operations is insufficient to fulfill the legislature's mandate that the Commission "*shall* investigate *each complaint received* by the commission relating to a . . . person licensed or registered under this chapter." TEX. OCC. CODE ANN. § 651.202(c) (Vernon 2002). It is quite likely, as you suggest, that a complaint might deal with conduct that is "offensive," but that is not prohibited by section 651.4055, 651.4065, 651.451, 651.452, 651.455, or section 651.653; or the Commission's investigation of a complaint might reveal conduct that is "offensive," but that is not prohibited by these sections. *See* Request Letter, *supra* note 1, at 1. But, as we discuss later, the Commission may dismiss a complaint without taking any action other than the investigation of the complaint. *See id.* §§ 651.202(b)(6), (d); .203(a)(6); *see also infra* pp. 8-9. More importantly, the selective additions and modifications to chapter 651 do not support a legislative intent that the Commission exercise whatever additional regulatory authority is necessary to punish "offensive" conduct related to cemetery and crematory operations that may be revealed by an investigation. The legislature seems to have given the Commission the authority it perceived was necessary.

Again, the legislature was presented with the Sunset Advisory Commission's recommendations to protect consumers. *See* Sunset Report at 88-89; OFFICE OF HOUSE, BILL ANALYSIS, Tex. H.B. 3067, 77th Leg., R.S. (2001) ("Background and Purpose") (enrolled version) ("As a result of its review of TFSC, the Sunset Advisory Commission recommended a two-year continuation and several other statutory modifications. House Bill 3067 continues TFSC and incorporates recommendations of the Sunset Advisory Commission, including the expansion of the TFSC's regulatory authority to include cemeteries and crematories."). The Sunset Advisory

Commission recommended specific changes. One of those changes was: "Authorize the Commission to enforce violations of unprofessional conduct by owners or operators of cemeteries and crematories, *as defined by Commission rules*." Sunset Report at 89 (emphasis added). The Sunset Report noted that "[t]his recommendation would authorize the Commission to impose a range of penalties for violations of the statute." *Id.* However, the legislature did not give to the Commission the broad rule-making authority to define "unprofessional conduct" and punish it.[7] Instead, it added three new provisions, sections 651.4055, 651.4065, and 651.653 requiring cemetery and crematory owners or operators to register and disclose certain information; and amended three existing statutory provisions, sections 651.451, 651.452, and 651.455, dealing with particular types of conduct that may be described as "unprofessional." *See* Act of May 21, 2001, 77th Leg., R.S., ch. 682, §§ 1.25-.28, 2001 Tex. Gen. Laws 1288, 1298-99. Implying authority to regulate any "offensive" conduct revealed by an investigation of a complaint would give the Commission authority that the legislature failed or chose not to grant. *See Fitzgerald*, 996 S.W.2d at 868 ("The Legislature's goal in crafting this statute cannot be known except as revealed in its text.").

You next ask: "If the Commission's regulatory authority over these persons is limited by [sections 651.451, 651.452, and 651.455], then is the Commission required by [section 651.202(c)] to investigate only complaints alleging violations of [sections 651.451, 651.452, and 651.455] or is the Commission literally required to investigate 'all complaints' regarding persons required to register regardless of the Commission's authority to regulate the conduct?" Request Letter, *supra* note 1, at 1. You also ask: "If the answer . . . is that the Commission must investigate all complaints regardless of whether the Commission may regulate the conduct, what is the Commission to do with the results of investigations . . . that reveal acts, conducts, or circumstances not described in [sections 651.451, 651.452, and 651.455] but that otherwise constitute offensive conduct?" *Id.* We consider these questions together.

We conclude that the Commission is required to investigate all complaints relating to an owner or operator of a cemetery or crematory subject to chapter 651. *See Fitzgerald*, 996 S.W.2d at 865 (When the statutory language is unambiguous, courts will adopt, "with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms."); *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (Unambiguous statute should not be construed to mean something other than what the plain words say unless there is an obvious typographical error or application of the literal language would produce an absurd result.). Section 651.202(c) of the Occupations Code unambiguously provides that: "The commission shall investigate *each complaint* received by the commission relating to a funeral director, embalmer, provisional license holder, funeral establishment, *or other person licensed or registered under this chapter*." TEX. OCC. CODE ANN. § 651.202(c) (Vernon 2002) (emphasis added). The latter category, of course, includes an owner or operator of a cemetery or crematory. Section 651.653 prohibits a

---

[7]"Professional conduct," as used by the Sunset Advisory Commission, seems to contemplate any "offensive" conduct. *See* Sunset Report at 88-90; *see also* Staff Report at 54 ("Expanding regulation would better serve consumers by ensuring professional liability up until the final disposition of a body is complete, including filling a grave, sealing a mausoleum, or packaging cremated ashes. The State would have authority to penalize or reprimand all cases where improper professional behavior had occurred during final disposition.").

person from conducting a cemetery or crematory business "unless an individual who is the owner or operator of the cemetery or crematory registers with the commission." *Id.* § 651.653(a); *see also id.* § 651.653(b) ("A cemetery or crematory may be owned by a person who is not registered under this chapter."). Nothing in section 651.202(c) or any other provision limits the Commission's investigative duty to receipt of a complaint alleging conduct described in section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653. And, we see no basis in the statute or its legislative history for adding such a limitation. *See Fitzgerald*, 996 S.W.2d at 867 (words may be added to statute only when necessary to give effect to clear legislative intent; "[o]nly truly extraordinary circumstances showing unmistakable legislative intent should divert [court] from enforcing statute as written").

However, the Commission may dismiss a complaint the investigation of which does not reveal conduct prohibited by section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653. *See* TEX. OCC. CODE ANN. §§ 651.202(b)(6), (d); .203(a) (Vernon 2002). Section 651.202(b)(6) expressly authorizes the Commission to adopt rules establishing procedures whereby a Commission employee may dismiss a complaint "if the investigation does not reveal a violation." *Id.* § 651.202(b)(6); *see also* § 651.202(d) (Commission must provide complainant agency policies and procedures regarding complaint investigation and resolution, including explanation of available remedies). Section 651.203(a) reiterates that the Commission may close a complaint without taking any action other than its investigation. *See* § 651.203(a) (Commission must maintain record of complaint, including summary of results of investigation and explanation for closing file if done so without taking action other than investigation of complaint).

You also ask about the disposition of the results of an investigation that reveal conduct that is offensive, but that the Commission is not authorized to regulate. Again, the Commission may dismiss a complaint the investigation of which does not reveal a violation of section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653. With respect to the *results* of the investigation of the dismissed complaint, section 651.202(d) directs the Commission to provide a person who has filed a complaint and each person who is the subject of a complaint an "explanation of the remedies that are available to the person under this chapter and information about other appropriate state or local agencies or officials with which the person may file a complaint." *Id.* § 651.202(d). Additionally, section 651.203(a) directs the Commission to maintain a file with respect to each written complaint filed with the Commission, including a summary of the results of the investigation of that complaint and "an explanation of the reason the file was closed, if the commission closed the file without taking action other than to investigate the complaint." *Id.* § 651.203(a)(5), (6); *see also* TEX. GOV'T CODE ANN. § 441.183 (Vernon 1998) (each state agency must establish records management program and create and maintain records of decisions and other essential agency transactions); *id.* § 441.185 (state agency records retention schedule). Section 651.203(b) indicates that such information is generally open to the public: "Information in a file maintained under this section, other than information relating to a complaint that has not reached a final disposition, is public information." TEX. OCC. CODE ANN. § 651.203(b) (Vernon 2002).

Based on the foregoing provisions, we conclude that the Commission is expressly required to maintain as part of a complaint file the results of an investigation of a complaint that the

Commission has dismissed because it involves conduct that is not a violation of chapter 651. *See id.* § 651.203(a)(5), (6); *see also* TEX. GOV'T CODE ANN. §§ 441.183, .185 (Vernon 1998). In the absence of other legislative direction, it would be reasonable, in our opinion, to provide the results of such an investigation to another person or agency that may have the authority to regulate or prosecute the particular conduct. *See id.* § 651.202(d).[8] More importantly, this information may be provided to the legislature as it considers the status of the Commission and chapter 651 in the upcoming 2003 legislative session. *See* TEX. OCC. CODE ANN. § 651.002 (Vernon 2002) ("Unless continued in existence as provided by [Texas Sunset Act, chapter 325 of the Government Code], the commission is abolished and this chapter expires September 1, 2003.").[9]

Finally, you ask, if the Commission's authority over cemetery and crematory owners or operators is limited to regulating the conduct described in sections 651.451, 651.452, and 651.455 of the Occupations Code, whether the Commission's authority to conduct inspections under section 651.1575 is "limited to persons made the subject of complaints under [sections 651.451, 651.452, and 651.455] or [whether] the Commission is authorized to conduct inspections following the receipt of a complaint alleging conduct outside the scope of [sections 651.451, 651.452, and 651.455]." Request Letter, *supra* note 1, at 2.

We conclude that the Commission is authorized to inspect a cemetery or crematory only if the complaint involves a violation by the owner or operator of section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653. Section 651.1575 provides that the Commission "*may* inspect a cemetery or crematory only if the commission receives a complaint about that facility under Section 651.202." TEX. OCC. CODE ANN. § 651.1575 (Vernon 2002) (emphasis added). This provision, by its terms, allows but does not require the Commission to inspect a cemetery or crematory. *See* TEX. GOV'T CODE ANN. § 311.016(1) (1998) ("'May' creates discretionary authority or grants permission or a power[,]" unless a different context requires a different meaning.). The only express condition to the exercise of the inspection authority is the receipt of a "complaint about that facility." *See id.*; *see also Fitzgerald,* 996 S.W.2d at 865 (generally court will adopt interpretation supported by plain meaning of statutory words). Section 651.202(c), directing the Commission to "investigate each complaint received by the commission relating to a . . . person licensed or registered" with the Commission, does not restrict the type of complaints that may be filed with the Commission. *See* TEX. OCC. CODE ANN. § 651.202(c) (Vernon 2002). While neither section 651.1575 nor section 651.202(c) expressly restricts the exercise of the inspection authority to the receipt of a complaint involving conduct described in sections 651.4055, 651.4065, 651.451, 651.452, 651.455, and 651.653, the inspection authority, nonetheless, must be construed to be so limited to avoid possible constitutional questions regarding administrative searches. *See McDonald v. State,* 778 S.W.2d 88, 90 (Tex. Crim. App. 1989).

---

[8]We understand that this office's Consumer Protection Division deals with some complaints about cemeteries under the Deceptive Trade Practices Act. *See* Sunset Staff Report at 50.

[9]The Sunset Advisory Commission's staff noted as a problem that: "The Commission has no record of the exact number of such complaints [regarding cemeteries and crematories] it has received" because "these complaints fall outside the Commission's statutory jurisdiction, [so] it does not generally accept or investigate them." *See id.*

As we advised in Attorney General Opinion JC-0204, on-site inspection of a private commercial enterprise implicates the Fourth Amendment to the United States Constitution and article I, section 9, of the Texas Constitution. *See* Tex. Att'y Gen. Op. No. JC-0204 (2000) at 1; *see also* Tex. Att'y Gen. Op. No. JC-0021 (1999) at 3. Both constitutional provisions protect persons from "unreasonable searches and seizures." U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. "Normally, authorities may not search, without a warrant, portions of a commercial enterprise that are not open to the public unless the commercial enterprise is involved in a 'closely regulated industry.'" Tex. Att'y Gen. Op. No. JC-0204 (2000) at 1.

If a commercial enterprise is in a closely regulated industry, a warrantless search may be conducted only if, first, the statutory scheme authorizing the search furthers a substantial governmental interest; second, the inspection is necessary to further the statutory scheme; and third, the statutory scheme — in terms of certainty and regularity of its application — provides a constitutionally adequate substitute for a warrant so as to limit inspections. *See McDonald*, 778 S.W.2d at 90 (citing *New York v. Burger*, 482 U.S. 691 (1987)); *see also Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (en banc); *Adust Video v. Nueces County*, 996 S.W.2d 245, 256 (Tex. App.–Corpus Christi 1999, no pet.). In accordance with the third criteria, the scope of a warrantless inspection authorized by statute must be limited to a determination of a violation under the statutory scheme. *See McDonald*, 778 S.W.2d at 90 ("In accordance with the third criteria enunciated in *Burger* . . . , the [Texas Alcoholic Beverage Code] limits the scope of warrantless inspections to the performance of any duty imposed by the code. The duties of the code are detecting code violations; violations are statutorily defined.") (upholding constitutionality of TABC inspection provisions). If cemeteries and crematories are involved in a closely regulated industry, the inspection of crematories and cemeteries must be limited to detecting violations set out in chapter 651. On the other hand, if cemeteries and crematories are not involved in a closely regulated industry, the Commission would, of course, have to obtain a warrant. To obtain a warrant, the Commission would have to establish "probable cause," which would require, among other things, a showing of a violation of the Act. *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01 (Vernon Supp. 2002) (criminal search warrant); 18.05 (administrative search warrants).

## S U M M A R Y

With respect to cemetery and crematory owners or operators required to register with the Texas Funeral Service Commission, chapter 651 of the Occupations Code limits the Commission to regulating the conduct expressly described in sections 651.4055, 651.4065, 651.451, 651.452, 651.455, and 651.653. Section 651.202(c) of the Occupations Code, however, requires the Commission to investigate all complaints relating to such owners or operators; it does not limit the Commission's investigative duty to complaints alleging conduct described in sections 651.4055, 651.4065, 651.451, 651.452, 651.455, and 651.653 of the Occupations Code. The Commission may dismiss a complaint if an investigation of the complaint does not reveal a violation of section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653. The Commission is required to maintain as part of a complaint file the results of an investigation of a complaint that the Commission has dismissed because the complaint does not involve a violation of chapter 651.

Section 651.1575 of the Occupations Code allows the Commission to inspect a cemetery or crematory only if the complaint involves a violation of section 651.4055, 651.4065, 651.451, 651.452, 651.455, or 651.653 of the Occupations Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee