Affirmed and Memorandum Opinion filed January 20, 2004









Affirmed and Memorandum Opinion filed January 20,
2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00782-CR

____________

 

JOSE LUIS ALCARAZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 884,151

 



 

M E M O R A N D U M  
O P I N I O N








A jury convicted appellant of possession with intent to
deliver a controlled substance and assessed punishment at eleven years= confinement in the Texas
Department of Criminal Justice, Institutional Division, and fined him
$10,000.  Appellant brings four issues on
appeal: (1) whether a search of appellant=s car, arguably authorized by
the Texas Alcoholic Beverage Code simply because he held an alcoholic beverage
license, was constitutional; (2) whether the trial court erred in instructing
the jury to consider evidence obtained in that search; (3) whether the court
erred in overruling appellant=s motion for instructed verdict
because evidence obtained in that search should have been suppressed; and (4)
whether appellant received ineffective assistance of counsel.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Viewed in the light most favorable to the prosecution, the
facts of the case are as follows:

On August 3, 2001, undercover officers Antonio Gracia and Stephen Kwiatkowski of the Houston Police
Department narcotics task force went to the El Tenampa
Nightclub to investigate narcotics activity. 
Appellant owned the bar.  

Outside the bar, the officers approached an individual named
Juan Cuellar.  Officer Kwiatkowski asked
Cuellar for a couple packages of Asoda,@ street terminology for
cocaine. 

Cuellar invited the officers into the bar and spoke briefly
with the bartender.  Cuellar returned to
the officers and told them he could obtain the cocaine, so the officers gave
him two marked twenty-dollar bills. 
Cuellar gave the money to the bartender, who gave Cuellar two bottle
caps that had been individually folded over. 
Cuellar then took the officers outside the bar and gave them the bottle
caps.  Officer Kwiatkowski immediately
opened the bottle caps and found that each contained a small plastic baggie
containing cocaine. 

Cuellar then left the bar, and the officers signaled for him
to be arrested.  The officers returned to
the bar and waited while a uniformed raid team entered and arrested the
bartender.              

As the raid team was arresting the bartender, Officer Gracia observed appellant pull two folded bottle caps from
his pocket.  Officer Gracia
then instructed the raid team to arrest appellant.  They handcuffed appellant and placed him in
the back of a patrol car.  The bottle
caps recovered from appellant contained approximately 1.5 grams of cocaine. 








While appellant was in the patrol car, Sergeant John Yencha asked appellant if they could search his truck,
which was parked in a fenced-in area attached to the bar.  Appellant said that he could, and told
Officer Yencha where to find the keys in the
bar.  The search yielded thirty-one small
baggies of cocaine, identical to those contained inside the bottle caps.  The cocaine recovered from appellant=s truck weighed approximately
24.3 grams.  

Appellant was charged with possession with intent to deliver
a controlled substance weighing more than 4 grams and less than 200 grams.  Appellant filed a pre-trial motion to
suppress evidence of both the cocaine recovered from him and from his
truck.  The trial court denied the
motion.  The court allowed appellant to
submit to the jury the issue of whether the search of his person was based on
probable cause, but the court held that if there was probable cause to search
appellant=s person, then the search of
his truck was permitted as a matter of law under sections 101.04 and 101.71 of
the Texas Alcoholic Beverage Code. 

DISCUSSION

On appeal, appellant contends the following: (1) the search,
performed pursuant to the Texas Alcoholic Beverage Code, which allowed peace
officers to search the vehicle of a holder of an alcoholic beverage license,
was unconstitutional; (2) the trial court erred in instructing the jury to
consider evidence obtained in that search; (3) the court erred in overruling
appellant=s motion for instructed verdict
because evidence obtained in that search should have been suppressed; and (4)
appellant received ineffective assistance of counsel.

I.        Validity of
the Search.

We turn first to appellant=s claim that the trial court
erred as a matter of law in admitting the evidence obtained in the search of
his truck.  The trial court determined
that the search was a valid warrantless search
authorized by both sections 101.04 and 101.71 of the Texas Alcoholic Beverages
Code.  Section 101.04 provides, ABy accepting a license of
permit, the holder consents that . . . a peace officer may . . . inspect the
premises for the purpose of performing any duty imposed by this code.@  Tex.
Alco. Bev. Code ' 101.04.  The definition of Apremises@ includes vehicles.  Id. ' 11.49.  Section 101.71 provides, ANo holder of a permit . . . may
refuse to allow . . . a peace officer, on request, to make a full inspection,
investigation, or search of any vehicle.@  Id. ' 101.71.  Appellant contends the search was
unreasonable and a violation of the Texas and United States Constitutions.








A.      Possible
Waiver of the Argument.

The State asserts three reasons that we should not address
appellant=s constitutional challenge: (1)
appellant failed to properly preserve the record; (2) appellant waived his
complaint by not timely objecting to the evidence at trial; and (3) appellant
consented to the search of his truck. 
Because the constitutionality of a statute is not to be addressed unless
absolutely necessary, we must first address these contentions.  See Briggs v. State, 740 S.W.2d
803, 806B07 (Tex. Crim.
App. 1987). 

First, the State argues that the record is inadequate to
review the merits of appellant=s position.  It notes that no record exists of any hearing
on the motion to suppress.  But, the
State also points out that the parties stipulated to the Afacts . . . which were
considered by Judge Frank Price before the court ruled on Defendant=s Motion to Suppress Evidence
Illegally Obtained.@  Appellant thus presented a sufficient record
for review because we know what facts the court had before it when it
considered the motion to suppress.  See
Moore v. State, 999 S.W.2d 385, 398 (Tex. Crim.
App. 1999).

Second, the State argues that appellant waived the issue by
failing to object at trial.  But,
appellant secured an adverse ruling on his pre-trial motion to suppress.  As a result, he did not have to object at
trial.  See Gearing v. State,
685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (AIt is settled that when a
pre-trial motion to suppress evidence is overruled, the accused need not
subsequently object to the admission of the same evidence at trial in order to
preserve error.@).  The only exception to this rule arises when a
defendant affirmatively states that he has no objection at trial.  Moody v. State, 827 S.W.2d 875, 889
(Tex. Crim. App. 1992).  That did not happen here.








Third, the State argues that the trial court=s ruling should be upheld
because appellant voluntarily consented to the search.  The State correctly points out that some
evidence supports a finding that appellant voluntarily consented.  However, there also is some evidence that
appellant did not consent.  In this
situation, appellant would be entitled to a jury instruction on consent.  See Stone v. State, 703 S.W.2d
652, 655 (Tex. Crim. App. 1986).  But the trial court did not submit one.  Instead, the trial court instructed the jury
that if there was probable cause to arrest appellant, it was not necessary to
consider whether appellant consented to the search of his truck.  If the evidence was not admissible as a
matter of law under section 101.71, then the trial court erred in denying an
instruction on consent.  That requires us
to turn to section 101.71 and determine if it is constitutional.

B.      Constitutionality
of the Search under Sections 101.04 and 101.71.

Appellant challenges the constitutionality of sections
101.04 and 101.71 under both the Texas and United States Constitutions.  But, because he cited only precedent
concerning the United States Constitution and did not argue that the Texas
Constitution affords him greater rights, we will not distinguish between
them.  See Santikos
v. State, 836 S.W.2d 631, 634 (Tex. Crim. App.
1992).  Our decision is supported by case
law from the Court of Criminal Appeals, which has not distinguished between the
Texas and United States Constitutions in addressing constitutional challenges
to section 101.04 of the Texas Alcoholic Beverage Code.  Id. at 623 n.1; see also Crosby
v. State, 750 S.W.2d 768, 771B80 (Tex. Crim.
App. 1987);  McDonald v. State,
778 S.W.2d 88, 90B91 (Tex. Crim.
App. 1989). 








Appellant also does not specify whether he is making an
as-applied challenge or a facial challenge to sections 101.04 and 101.71.[1]  In an as-applied challenge, the challenger
must show that the statute was unconstitutionally applied to the
challenger.  Bynum v. State, 767
S.W.2d 769, 774 (Tex. Crim. App. 1989).  In a facial challenge, the challenger must
show that the statute would be invalid under any set of circumstances.  Santikos
v. State, 836 S.W.2d 631, 633 (Tex. Crim. App.
1992).  In order to have standing for a
facial challenge, the challenger must show that the statute was
unconstitutional as applied to him.[2]  Id. 
We will therefore first address whether sections 101.04 and 101.71 were
unconstitutional as applied to appellant. 

The Supreme Court has established three standards for
evaluating the validity of warrantless administrative
searches: (1) the regulatory scheme must serve a substantial government
interest; (2) the warrantless inspection must be
necessary to further that regulatory scheme; and (3) the inspection program
must provide an adequate substitute for a warrant.  New York v. Burger, 482 U.S. 691, 702
(1987).  Because appellant does not argue
that the first two standards are not met, we are only confronted with the third
standard.

For an inspection program to provide an adequate substitute
for a warrant, it must be limited in Atime, place, and scope.@  Id. at 703; see also McDonald
v. State, 778 S.W.2d 88, 90 (Tex. Crim. App.
1989).  This search was conducted during
appellant=s normal business hours and was
limited to appellant=s truck, located in the bar=s parking lot, where the
officers reasonably could have expected narcotics to be found.  The scope of the search was limited to the
detection of possession of narcotics on the premises, a violation of the Texas
Alcoholic Beverages Code.  See
McDonald, 778 S.W.2d at 90B91; Tex. Alco. Bev. Code ' 104.01(9).  The officers were not conducting an
exploratory search without regard for the intended purpose of the statute.  See McDonald, 778 S.W.2d at
91.  Thus, the time, place, and scope of
the search were limited, and therefore, despite the broad language of sections
101.04 and 101.71, they were not arbitrarily or unreasonably applied to
appellant.  See Santikos v. State, 836 S.W.2d 631, 634 (Tex. Crim. App. 1992); McDonald, 778 S.W.2d at 91.   

Having found that sections 101.04 and 101.71 were not
unconstitutional as applied to appellant, we need not determine if either
section is facially unconstitutional.  See
Santikos, 836 S.W.2d at 634.  We overrule appellant=s first point of error.








In his second and third points of error, appellant contends
that the trial court erred in instructing the jury to consider the evidence
obtained from the search of his truck and in failing to grant his motion for
instructed verdict.  Both arguments are
predicated on the evidence not being admissible as a matter of law under
sections 101.04 and 101.71.  Because the
evidence was admissible as a matter of law, we overrule appellant=s second and third points of
error.

II.       Alleged
Ineffective Assistance of Counsel.

In his fourth point of error, appellant contends he was
denied effective assistance of counsel because counsel failed to object to
supposed hearsay.  In particular,
appellant refers to testimony by the police officers as to statements allegedly
made during the cocaine purchase and subsequent arrest of appellant.

To prevail on a claim for ineffective assistance of counsel,
an appellant must show, first, that his counsel=s representation fell below an
objective standard of reasonableness, and second, that but for his counsel=s errors, the result of the
proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726
S.W.3d 53, 57 (Tex. Crim. App. 1986).  The standard does not mean that an accused is
entitled to perfect or errorless counsel. 
McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim.
App. 1992). 

To be sustained, an allegation of ineffective assistance
must be affirmatively demonstrated in the record.  Thompson v. State, 9 S.W.3d 808, 813B14 (Tex. Crim.
App. 1999).  The record is best developed
by a collateral attack, such as a motion for new trial.  Jackson v. State, 973 S.W.2d 954, 957
(Tex. Crim. App. 1998); Talbott
v. State, 93 S.W.3d 521, 525 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  Except in rare cases, a claim of
ineffective assistance must be brought by application for writ of habeas corpus
rather than direct appeal; this is to develop the facts and allow trial counsel
to explain his actions. See Robinson v. State, 16 S.W.3d 808, 813
(Tex. Crim. App. 2000);  see also Kemp v. State, 892
S.W.2d 112, 115 (Tex. App.CHouston [1st Dist.] 1994, pet.
ref=d) (holding that generally, the
trial court record is inadequate to properly evaluate ineffective assistance of
counsel claims); Beck v. State, 976 S.W.2d 265, 266 (Tex. App.CAmarillo 1998, pet. ref=d) (holding that a trial record
only is inadequate for ineffective assistance of counsel claims).








We do not have a record developed by a collateral attack;
appellant cites only to the trial record. 
Because the record lacks evidence as to his counsel=s reasons for his actions and
does not properly address the ineffective assistance of counsel argument, we
cannot conclude his counsel=s performance was
deficient.  See Grant v. State,
33 S.W.3d 875, 879B80 (Tex. App.CHouston [14th Dist.] 2000, pet.
ref=d).  We overrule appellant=s fourth point of error.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 20, 2004.

Panel
consists of Justices Hudson, Fowler and Frost.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  Further, it is
not always easy to distinguish which form of challenge is being made.  See Glover v. State, 110 S.W.3d
549, 552 nn. 2B3 &
5B6 (Tex. App.CWaco
2003, no pet.) (noting that it was not clear whether the constitutional
challenge in the cited cases was as-applied or facial). 





[2]  There is an exception
to this rule when First Amendment rights are involved.  See Webb v. State, 991 S.W.2d
408, 416 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  The First
Amendment is not implicated in this case, however.